## NATIONAL BANK OF DENISON v. S. C. KILGORE ET AL.

Delivered December 11, 1897.

**1. Judgment—Agreement—Estoppel.**

A decree of foreclosure entered on plaintiff's own motion, which excludes from its operation the portion of the property covered by the mortgage which the mortgagor claimed to be exempt as his homestead, estops him from subsequently raising any question as to such exemption.

**2. Set-off—Void Mortgage—Rental Value of Homestead.**

A mortgagee whose mortgage is void, because the mortgaged property is a homestead is not entitled to set-off the debt secured by the mortgage against the mortgagor's claim for the rental value of the mortgaged property during the time it was held by the mortgagee under a writ of sequestration pending a suit to foreclose.

APPEAL from Grayson.   Tried below before Hon. DON A. BLISS.

*N. H. L. Decker* and *Maughs & Peck*, for appellant.

*R. R. Hazlewood* and *Standifer & Eppstein*, for appellees.—Appellant can not complain of a judgment entered upon its own motion, except in those particulars in which it does not agree with the motion.

HUNTER, ASSOCIATE JUSTICE.—The District Court, upon the motion of appellant and by consent of appellees, entered judgment in this cause in appellant's favor in all respects, except as to $300 rental value of block 86, which, in effect, by the motion, was conceded to be exempt from forced sale as part of appellee Kilgore's homestead.   This $300 was awarded Kilgore by the jury as the rental value of block 86 during the time which appellant held the block under a writ of sequestration, pending suit to foreclose a mortgage thereon, which mortgage was void because the block was a part of Kilgore's homestead at the time of its execution.

There are numerous assignments of error complaining of the action of the District Court on the trial of the cause, all of which we overrule, because by appellant's said motion the court granted the judgment it prayed for in the motion in every particular, except as to allowing this $300 to be applied in satisfaction pro tanto of a $2051.50 judgment it obtained by the same motion against Kilgore on a note, the judgment declaring the said $300 as exempt from the debts of Kilgore.   Now whether it was exempt is the only question in this case.

Appellant in effect admitted in its motion that the block was not subject to its mortgage.   The only reason claimed for the exemption was that it was part of Kilgore's homestead.   It raises the question of the exemption of this block again by its assignments of error, and raised it in the court below by its motion for a new trial; but we think it was estopped by the record from raising the question again after procuring the court to grant its motion aforesaid, wherein it waived its right to foreclose on this block, by reason of its homestead character.

If the block was part of Kilgore's homestead, and thus exempt from seizure for the payment of his debts, we think the money allowed him by the jury and court for the rental value of the block, by way of damages during a wrongful seizure and detention of it, would be exempt also. The exemption would be of little value, if creditors can seize the business homestead, as in this case, turn out the head of the family, and thus deprive him of the means of supporting his family, and hold and use it until the rental value thereof is sufficient to pay their debts, by setting them off against the claim for rents and damages when sued for their wrongful and oppressive seizures.

The judgment in this cause is in all things affirmed.

*Affirmed.*