## W. O. PREWITT v. SOUTHWESTERN TELEGRAPH & TELEPHONE COMPANY.

### Decided April 17, 1907.

**1.—Telephone Company—Negligence—Nominal Damage—New Trial.**

In a suit against a telephone company for negligent failure to deliver a death message, the jury by their verdict expressly found the defendant guilty of negligence but assessed plaintiff's damages at one dollar. Held, the jury having found that defendant was guilty of negligence, and the undisputed evidence showing that plaintiff suffered great mental pain, the jury should have awarded adequate damages, and a new trial should therefore have been granted.

**2.—Credibility of Witness—Immaterial Contradictory Statements.**

The credibility of a witness can not be impeached by showing that he has made contradictory statements about immaterial and collateral matters.

**3.—Contradicting Witness—Stenographer's Notes.**

A transcript of an official stenographer's notes of the testimony taken upon a former trial is not competent evidence of the testimony of the witnesses upon such trial, and he can not be contradicted thereby.

**4.—Undisputed Evidence—Submission of Issue.**

In a suit against a telephone company for delay in delivering a death message, the evidence being undisputed that plaintiff could and would have reached his mother before her death if the message had been promptly delivered, it was error to submit such issue to the jury. And so with regard to the fact that plaintiff suffered mental distress.

**5.—Telephone Message—Delay—Contributory Negligence.**

When plaintiff was led to believe by the agent of the telephone company that he could communicate with his sick mother as quickly by telephone as by telegraph plaintiff was not guilty of contributory negligence in failing to use the telegraph.

**6.—Counsel and Juror—Misconduct.**

A reference by counsel in his argument to the fact that the jury disagreed on a former trial, and an effort by a member of the jury to find out how the jury stood on a former trial, were both reprehensible

Appeal from the District Court of Colorado County. Tried below before Hon. M. Kennon.

*Brown, Carothers & Brown,* for appellant.

*Harris & Harris,* for appellee.

REESE, Associate Justice.—This is a suit by W. O. Prewitt against the Southwestern Telegraph & Telephone Company to recover damages for negligent failure by defendant to deliver to him a telephone message, apprizing him of the dangerous illness of his mother, by reason of which he was deprived of the opportunity of being with his mother before her death.

Upon trial the jury returned the following verdict: "We the jury find the defendant, the Southwestern Telegraph & Telephone Company, guilty of negligence, and find for the plaintiff, W. O. Prewitt, damages in the sum of one dollar." Motion for a new trial by plaintiff being overruled, he appeals from the judgment.

The first assignment of error complains of the verdict and judgment on the ground that the verdict while finding for plaintiff, only awards him nominal damages. The assignment must be sustained. The verdict establishes the liability of appellee, and the undisputed evidence shows that if it was liable at all appellant was entitled to some compensation. The amount of that compensation was, it is true, largely in the discretion of the jury, but they had no right, under the evidence as to mental suffering of appellant, as disclosed by the evidence, to say that he was entitled to no damages therefor. If the one dollar was intended as compensation, which it clearly was not, it is too small. (Art. 1452, Rev. Stats.)

Other assignments of error will be noticed only so far as may be necessary to do so for the purposes of another trial.

It was error to allow appellee to interrogate appellant, on cross-examination, as to the statements made by him on a former trial, as set out in appellant's bills of exceptions, and then to show by the transcript of the stenographer's notes of his former testimony that

such statements were contradictory of his statements on the present trial. All of the statements so inquired about were immaterial. The credibility of a witness cannot be impeached by showing that he has made contradictory statements about immaterial and collateral matters. Texas & Pacific Ry. Co. v. Phillips, 91 Texas, 281; Gulf, C. & S. F. Ry. Co. v. Kizziah, 86 Texas, 92. As the amount of damages to which appellant was entitled depended largely upon his own testimony as to his distress on account of not having been able to reach his mother's bedside before her death, this impeachment of his credibility was calculated to be most prejudicial to him.

We are also of the opinion that it was improper to admit in evidence, over appellant's objection, the transcript of the stenographer's notes of the testimony taken upon the former trial. The testimony of the former trial had been taken down by the official stenographer and a copy or transcript of the notes made, some time afterwards, for the use of appellee's counsel. The stenographer testified that such transcript was a correct copy from his notes and that his stenographic notes contained a true and correct statement of the evidence as taken down at the trial. There appears to be some conflict in the authorities upon the point, but we are inclined to hold that such paper is not admissible for the purpose of showing the testimony of a witness. If it was admissible in the present case we see no reason why, for the same reason in case of the death of a witness his entire testimony upon a former trial could not be shown by such transcript of the stenographer's notes. Such is not the law with respect to a mere written statement of a witness' testimony taken down at the time of the trial, and not signed by him, or otherwise certified by him to be correct. The Legislature in providing for the appointment of official stenographers and the taking down of the testimony by them, has not seen proper to provide for such use of the stenographer's notes, or a transcript thereof, and in the absence of such provision we are not disposed to treat them otherwise than as a written statement of the testimony of the witness taken down at the time, but not signed, or certified by him in any way to be correct. (3 Wigmore Ev., sec. 1669.)

It was error to submit to the jury as an issue whether appellant *would* have gone to his mother if he had received the notice of her illness in time. The undisputed evidence shows that he would have done so, as shown not only by his declarations as a witness, but by his actions when he did receive the notice. Nor does the evidence seem to raise the issue as to whether appellant *could* have reached his mother before her death if he had received the telephone message promptly. (Western U. Tel. Co. v. Housewright, 5 Texas Civ. App., 1.)

Neither was it an issuable fact that appellant suffered at least some degree of mental distress on account of not having been able to reach his mother before her death. It was shown not only by his own testimony but by that of others that his relations with his mother were most tender and affectionate. There was no evidence

to the contrary, or to contradict the positive evidence as to his mental distress.

We are of the opinion that the evidence does not present the issue of contributory negligence of the sender of the message in failing to communicate with appellant by mail or to have recourse to the telegraph sooner than he did. Under the circumstances he had no reason to suppose that either would be more available than the telephone through which he was led to believe by appellee's agent that appellant would be communicated with as soon as such communication could be had by any means.

It was improper for counsel for appellee to refer, in his argument, to the fact that upon a former trial plaintiff had been unable to get a verdict, and it was likewise very reprehensible for the foreman of the jury upon this trial to be endeavoring to find out how the jury stood upon such former trial. We refer to these matters only lest our silence might be construed as an approval of them.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*