[Civ. No. 1142.   First Appellate District.—April 25, 1913.]

MORRIS STEINBERG, Appellant, v. ABRAHAM JACOBS
et al., Respondents.

APPEAL — ORDERS APPEALABLE — REFUSAL TO VACATE APPEALABLE
ORDER.—Where an appealable order has been made, an appeal, if
taken, must be taken directly from such order, and not from a sub-
sequent order refusing to set it aside.

ID.—REFUSAL TO VACATE ORDER DISSOLVING ATTACHMENT.—An order
refusing to vacate a previous order dissolving an attachment is not
an appealable order, and an attempted appeal therefrom will be
dismissed.

ID.—MODIFICATION OF ORDER DISSOLVING ATTACHMENT.—An appeal
from an order modifying an original order dissolving an attachment,
the modification being made upon motion of the appellant, will not
lie.

APPEAL from an order of the Superior Court of the City
and County of San Francisco denying a motion to set aside
an order dissolving an attachment.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Leon E. Prescott, for Appellant.

Edwin H. Williams, for Respondents.

LENNON, P. J.—This action was instituted to recover a
money judgment against defendants both individually and as
copartners.   Summons was issued in the action contemporane-
ously with the filing of the complaint, and immediately there-
after a writ of attachment, directed against the copartnership
property of all of the defendants, was issued on the affidavit
and undertaking of the plaintiff.   Upon motion of two of the
defendants, Moss and Molsness, the lower court dissolved the
writ of attachment as to all of the defendants.   Thereafter
the plaintiff moved the lower court (1) for an order setting
aside its previous order dissolving the writ of attachment; (2)
for an order modifying its previous order dissolving the at-
tachment so as to read that "such writ be discharged and dis-
solved as to the defendants H. Moss and B. F. Molsness, and
remain in full force and effect as to the defendant Abraham

Jacobs.'' The lower court denied this motion in part and granted it in part, that is to say, it denied plaintiff's motion to set aside in its entirety the previous order dissolving the attachment, but ordered the same to be amended so as to read that ''the writ of attachment issued in the above entitled action be and the same is hereby discharged so far as it directs the sheriff to attach the property of defendants Molsness and Moss or either of them, or the joint property of the defendants Jacobs, Molsness, and Moss, but that said writ of attachment be not discharged so far as it directs the sheriff to attach the property of defendant Jacobs.''

No appeal was taken from the original order dissolving the attachment. In due time, however, the plaintiff gave notice of appeal from the order ''denying plaintiff's motion to set aside the order . . . dissolving the writ of attachment herein and amending said last named order . . . ''

The appeal comes here upon a bill of exceptions, which sets forth the pleadings in the case and all of the proceedings had in the lower court with reference to the order dissolving the attachment and its subsequent modification.

At the outset the respondents contend—and we think correctly—that the appeal must be dismissed upon the ground that plaintiff's appeal was noticed and purports to be from an order which in any event is nonappealable.

As has already been shown the appeal in part was taken from the order ''denying defendants' motion to set aside the order dissolving the attachment,'' and not from the original order dissolving the writ of attachment. It is well settled, in this state at least, that where an order has been made which is itself appealable an appeal, if taken, must be taken directly from such order, and not from a subsequent order refusing to set it aside. In short, an order refusing to vacate an order such as we have presented to us upon this appeal is not an appealable order. (Code Civ. Proc., sec. 963; 2 Hayne on New Trial, revised edition, sec. 199; *Eureka etc. Ry. Co.* v. *McGrath,* 74 Cal. 49, [15 Pac. 360] ; *Tripp* v. *Santa Rosa Street R. Co.,* 69 Cal. 631, [11 Pac. 219] ; *Goyhinech* v. *Goyhinech,* 80 Cal. 409, [22 Pac. 175].)

The appeal is equally futile in so far as it purports to be taken from the order amending the original order dissolving the attachment. Such amendment was made in response to

plaintiff's motion that the original order dissolving the attachment be modified to read that the same "shall only be dissolved and discharged as to the defendants A. Moss and B. M. Molsness, and remain in full force and effect as to the defendant Abraham Jacobs." This in effect is precisely what the lower court ordered. It will thus be seen that plaintiff and appellant has already received from the lower court the very thing which he has asked that court to grant him. In other words, it appears that the order appealed from, in so far as it relates to the amendment of the original order, was made upon the motion of the plaintiff, and profits rather than prejudices him. Under such circumstances, it is the rule that no appeal will lie. (2 Cyc. 650; 2 Hayne on New Trial, revised edition, sec. 203, p. 1067; *In re Radovich,* 74 Cal. 536, [5 Am. St. Rep. 466, 16 Pac. 321] ; see, also, *Storke* v. *Storke,* 111 Cal. 514, [44 Pac. 173].)

The appeal is dismissed.

Kerrigan, J., and Hall, J., concurred.