### FELTON et al. v. SEELIGSON.     (No. 9079.)

(Court of Civil Appeals of Texas. Dallas. June 9, 1923. Rehearing Denied June 30, 1923.)

1. **Appeal and error** &#x29FB;427—Return of service of citation in error held defective as not showing delivery to defendant in error in person.

A return of service of citation in error by delivering a true copy "to the within H. S." *held* defective as not showing delivery to defendant in error in person, as required by Rev. St. 1911, art. 2092.

2. **Appeal and error** &#x29FB;435—Appellate court has jurisdiction, though return of service of citation did not show delivery to defendant in error in person, where latter filed motion to affirm on certificate.

Where defendant in error made personal appearance by filing a motion to affirm on certificate, the court of appeal had jurisdiction, though the return of service of the citation in error did not show delivery to defendant in error in person.

Error from Dallas County Court; T. A. Work, Judge.

Proceeding between Mrs. Lee Felton and others and Henry Seeligson. Decree for the latter, and the former bring error. On defendant in error's motion to affirm on certificate. Motion granted.

John T. Spann, of Dallas, for plaintiffs in error.

Spence, Haven & Smithdeal, of Dallas, for defendant in error.

JONES, C. J. Defendant in error has filed a motion to affirm this case on certificate. Plaintiffs in error resist this motion on the ground that the officer's return, as shown by the record of the clerk's certificate on file herein, is too defective to give this court jurisdiction of the case, and suggest to the court that the only order that could be entered is one striking the case from the docket.

[1] The officer's return is as follows:

"Came to hand on the 2d day of January, 1923, and executed on the 4th day of January, 1923, by delivering to the within Henry Seeligson a true copy of this writ."

This is signed by the officer who served the citation in his official capacity. This return is defective, in that it does not show that it was delivered to the defendant in error "in person." Article 2092, Revised Statutes; Womack v. Slade (Tex. Civ. App.) 23 S. W. 1002.

[2] This defect was rendered inconsequential by the defendant in error making personal appearance in this cause by filing his motion to affirm on certificate. By this action in asking affirmative relief in this court, defendant in error gave the court jurisdiction of the cause. Stephenson v. Chappell, 12 Tex. Civ. App. 296, 33 S. W. 880, 36 S. W. 482; Webster v. I. & G. N. Ry. Co. (Tex. Civ. App.) 184 S. W. 295.

The motion to affirm on certificate is granted.