HARRIS v. WESTERN UNION TELEGRAPH CO. (No. 307.)

(Court of Civil Appeals of Texas. Waco. Feb. 11, 1926. Rehearing Denied March 18, 1926.)

1. **Telegraphs and telephones ⬤⇒75—Finding of negligence in failing to notify sender as to when telegram could be delivered held not inconsistent with finding company was not negligent in transmitting message.**

Finding that telegraph company was negligent in failing to notify sender that receiving office was then closed, and would not be reopened until next morning, is not inconsistent with finding that defendant was not negligent in transmitting and delivering message, since first finding refers to negligence in receiving message and permitting sender to rely thereon as means for notifying plaintiff.

2. **Telegraphs and telephones ⬤⇒37(4)—Telegraph company may establish reasonable office hours, and, in absence of special contract, need not transmit telegram until receiving office opens.**

Telegraph company may establish reasonable office hours for transaction of its business at stations, and, in absence of special contract, need not transmit message until receiving office opens for business.

3. **Telegraphs and telephones ⬤⇒37(10)—Failure to notify sender telegram cannot be delivered until following morning is not actionable negligence.**

Failure of telegraph company's agent to notify sender of telegram that receiving office was then closed, and would not open until next morning, prior to which message could not be delivered, is not actionable negligence; there being no duty to so notify sender.

4. **Appeal and error ⬤⇒882(17) — Defendant, requesting court to render judgment in its favor on verdict for plaintiff, and seeking to have it affirmed, is not estopped to resist its reversal by showing that plaintiff was not entitled under verdict to judgment.**

Defendant, who requested court to render judgment in its favor on verdict for plaintiff, and who seeks to have it affirmed on appeal, is not estopped from resisting plaintiff's attempt to reverse judgment by showing that verdict was more favorable to plaintiff than he was entitled to, and that plaintiff was not entitled under verdict to any judgment.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Appeal and error ⬦➞1029—Judgment will not be reversed, where record shows that none other could have been rendered, and errors at trial will be deemed harmless.**

Appellate court will not reverse judgment of trial court when it appears from record as a whole that no other judgment could or should have been rendered, in which case errors committed at trial are deemed harmless.

**6. Judgment ⬦➞256(3)—Finding as to telegraph company's negligence which was insufficient to support recovery for negligent delay in delivering message should have been ignored, and judgment rendered for company on finding of ordinary care in delivering message.**

Where finding that telegraph company was negligent in failing to notify sender of telegram that message could not be delivered until following morning was insufficient to support recovery for negligent delay in delivering message, it should have been ignored and judgment rendered for telegraph company on finding that it exercised ordinary care in transmitting and delivering message.

Stanford, J., dissenting.

Appeal from District Court, Limestone County; J. R. Bell, Judge.

Action by David Harris against the Western Union Telegraph Company. Verdict for plaintiff for $1 damages and from judgment entered on the verdict for plaintiff on defendant's motion, plaintiff appeals. Affirmed.

C. S. & J. E. Bradley, of Groesbeck, and James Gresham, of Mexia, for appellant.

William H. Flippen and Carl B. Callaway, both of Dallas (Frances R. Stark, of New York City, of counsel), for appellee.

GALLAGHER, C. J. David Harris, appellant herein, sued Western Union Telegraph Company, appellee herein, for damages for alleged negligent delay in delivering a telegraph message announcing the death of his mother. The parties will be designated as in the trial court. The message was delivered to defendant at San Antonio, Tex., for transmission and delivery to plaintiff at Mexia, Tex., by Miss Cameron, a relative of plaintiff, in pursuance of a request on his part to be advised in case of his mother's death. The telegram was addressed to plaintiff at Mexia, Tex., Box 414. No other or further address was given. Said telegram was as follows: "Mothers dead. Come." The contract for the transmission and delivery of said telegram alleged by plaintiff was that defendant "contracted, agreed, and bound itself to transmit from San Antonio, Tex., and deliver to plaintiff, in Mexia, Tex., with all reasonable prudence, and dispatch," the message aforesaid. Plaintiff's allegation of failure of duty on the part of defendant was that it "did not transmit and deliver said message to plaintiff with reasonable and prop-

er diligence, or within the time it could and should have delivered it, but that it carelessly and negligently failed to so transmit and deliver said message until about 9 o'clock in the morning" of the next day, when it was too late for him to secure any means of transportation which would enable him to attend the funeral of his mother. He further alleged "that said failure, neglect, and refusal of defendant to use and exercise ordinary care and diligence in transmitting and delivering said message to plaintiff was the sole and only cause" of his being deprived of an opportunity to attend the funeral and burial of his said mother.

Defendant, among other things, pleaded that, at the time said message was received at its office in San Antonio, its Mexia office was closed, and that said message was not received at said office until the opening of the same, early the next morning, and that upon its receipt it was promptly delivered. Defendant further pleaded that at the time it received said telegram for transmission it advised Miss Cameron that its Mexia office was then closed, and would not open until next morning, and that it also asked for a better address to aid in delivering said message; that Miss Cameron replied that the box number given was plaintiff's post office box, and that she had no better address; that she was then informed by defendant's agent that the telegram would be delivered by placing it in the post office next morning.

Defendant proved that its office at Mexia was open daily for the transaction of business from 8 o'clock in the morning until 8 o'clock in the evening, and closed during the night; that such office hours were adequate for the handling of all its business at that point; that the message here involved was received on the opening of its Mexia office next morning, and started to the post office in accordance with said address, but delivered, by reason of a chance meeting between its messenger and plaintiff, before such messenger reached the post office The existence of such office hours at Mexia, the reasonableness thereof, and the fact of the delivery of such message and the time of such delivery were not contested by plaintiff. There was, however, a sharp conflict with reference to what occurred when Miss Cameron delivered such message to the defendant for transmission and delivery to plaintiff at Mexia. Miss Cameron testified that she wrote the message, signed her father's name thereto, delivered it to defendant's agent, and paid him the charges demanded; that said agent requested her to give her father's address and telephone number, both of which she indorsed on the message; that she was sure no other conversation was had between her and said agent at that time. Defendant then introduced evidence tending to sustain its said pleadings with reference to what oc-

curred at the time its agent at San Antonio received such message. Miss Cameron testified in rebuttal of such evidence as follows:

"Mr. Herring, who received my message, made no statement in my presence about any connection or anything having reference to whether the Mexia telegraph office was closed. * * * He made no statement that would indicate that the Mexia office was not open at that time; none whatever. He did not say anything to me about mailing this telegram. If he had told me about the Mexia office being closed, I would have put in a long distance call instead of sending the message. If he had wanted to mail the telegram, I would not have sent it. * * * I would have telephoned my uncle, Mr. Harris. I knew he had no telephone, but I could have gotten him at a grocery store that has a telephone; this grocery store being but a few blocks of my uncle."

Mrs. Harris, appellant's mother, died, and her funeral was held at Fitzhugh, about 22 miles southwest of Austin on the Fredericksburg road. There was no testimony from any source that defendant's agent at San Antonio was notified when the message was delivered where nor when the funeral of plaintiff's mother would be held, nor when he would have to leave Mexia in order to reach such place in time to attend such funeral. Had the message been delivered to plaintiff at any time before 12 o'clock on the night it was sent, he could and would have taken the midnight train at Mexia, and would have arrived at Austin early the next morning, and he could have there secured a conveyance to Fitzhugh, and could have arrived there in ample time to attend said funeral. After receipt of said message, he went to Fitzhugh by the first available means of transportation, but arrived there about night, three or four hours after the burial of his mother.

The court submitted the case to the jury on special issues, which issues and the answers of the jury thereto were as follows:

"Question No. 1: Find and state from the evidence whether or not Mr. Herring, defendant's employé, at the time of receiving the message in question from Miss Vi Della Cameron, advised her of the office hours of the defendant company at Mexia, or that the office of said company at Mexia would be, or might be, closed during the night, and the message would not, or might not be, delivered until the next day. Answer: No.

"Question No. 2: If you have answered question No. ——— 'Yes,' you need not answer this question, but if you have answered question No. 1 'No,' then find and answer from the evidence whether or not a person situated as Mr. Herring was, at the time he received the message, in the exercise of that degree of care and prudence which a person of ordinary prudence would have exercised under the same or similar circumstances, would have advised Miss Cameron that the Mexia office of defendant company would not be open or might not be open during the night. Answer: Yes.

"Question No. 3: Find and state from the evidence whether or not the employés of de-

fendant company exercised that degree of diligence which an ordinarily prudent person would have exercised under the same or similar circumstances to transmit and deliver the message in question with reasonable dispatch and expedition. Answer: Yes.

"Question No. 4: What sum of money, if any, if paid now in cash, would be necessary to compensate plaintiff for the distress, disappointment, grief, pain, and anguish, if any, suffered by plaintiff on account of not being present at the funeral and burial of his mother, Mrs. Jan Harris? Answer: $1."

The court also submitted, at the request of defendant, a special issue. Said issue and the answer of the jury thereto were as follows:

"Did the agent of the defendant, B. M. Herring, notify the sender of the suit message, at the time the same was received for transmission, that said message would not be delivered that night, but would be mailed the following morning? Answer: No."

Plaintiff made no objection to any of said issues nor to the charge of the court given in connection therewith. Defendant, among other objections to the court's charge and the issues therein submitted, objected to questions Nos. 1 and 2, on the ground that they assumed that it was the duty of its agent at San Antonio to advise Miss Cameron of its office hours at Mexia on receiving such message, and that no such legal duty rested upon it or said agent.

Plaintiff filed a motion to set aside the verdict, which the court overruled. Defendant filed a motion asking the court to enter judgment on such verdict, which the court granted, and in accord with the prayer thereof entered the judgment complained of. Plaintiff followed the entry of said judgment with a motion for new trial, which was overruled.

[1, 2] Plaintiff presents two propositions on which he contends for a reversal of the judgment. The first proposition so presented is that there is an irreconcilable conflict in the findings of the jury. The jury, in response to question No. 2, found that defendant was negligent in failing to notify Miss Cameron that its Mexia office was then closed and would not be reopened until the next morning, and also found, in response to question No. 3, that defendant was not negligent in transmitting and delivering said message. We do not think there is any conflict in such findings. Miss Cameron testified that, if defendant's agent had told her at the time she tendered the message that its Mexia office was closed, and that said message could not be received at said office, nor delivered therefrom until such office opened the next morning, she would not have sent the message at all, but would have undertaken to reach plaintiff and notify him of his mother's death by telephone. The finding of the jury in answer to question No. 2 was therefore a finding that defendant was negligent in receiving the mes-

sage and in permitting Miss Cameron to rely thereon as a means for notifying plaintiff of his mother's death. Having received the message for transmission and delivery, it became defendant's duty to transmit the same to Mexia and to deliver it to plaintiff. The answer of the jury to question No. 3 was a finding that defendant was not negligent in so transmitting and delivering the same. This finding of the jury, though adverse to the plaintiff, was not assailed in his motion for new trial, nor is it assigned as error in this appeal. Defendant had, under the authorities in this state, a right to establish reasonable office hours for the transaction of its business at Mexia, and, in the absence of a special contract for transmission and delivery of said message, was not required to transmit the same to Mexia until its office at that place opened for business the next morning and it was not in default in failing to do so. Western Union Telegraph Co. v. Neel, 25 S. W. 15, 86 Tex. 368, 373, 374, 40 Am. St. Rep. 847; Western Union Telegraph Co. v. McMillan (Tex., Civ. App.) 30 S. W. 298, 299; Starkey v. Western Union Telegraph Co., 115 S. W. 853, 855, 53 Tex. Civ. App. 333; Western Union Telegraph Co. v. Rawls (Tex. Civ. App.) 62 S. W. 136, 138; Western Union Telegraph Co. v. McConnico, 66 S. W. 592, 594, 595, 27 Tex. Civ. App. 610. There was no contention that any special contract was made. Such finding, therefore, precludes a recovery by plaintiff on the ground of negligence in the performance of the contract actually made for the transmission and delivery of said message. It is therefore apparent that plaintiff's recovery, if supported by the verdict, must find such support in the findings of the jury in answer to questions 1 and 2.

[3] Plaintiff's second proposition, upon which he contends this court should reverse said judgment, is that the damages awarded are wholly inadequate. Defendant, in reply thereto, submits a counter proposition that the verdict of the jury justified a judgment for defendant. In that connection defendant contends that plaintiff was not entitled to any recovery at all; that it is therefore immaterial whether damages awarded by the jury were adequate or not; that, said judgment being more favorable to plaintiff than he was entitled to have, he cannot complain of the same or demand a reversal thereof. We have heretofore shown that plaintiff's right, if any, to recover in this case is based on the findings of the jury that defendant's agent at San Antonio did not inform Miss Cameron that its Mexia office was then closed, and would remain closed until next morning, and that said message could not be delivered until that time, and that the failure of said agent to so inform her constituted negligence. Was such negligence actionable? 29 Cyc. pp. 419, 420, in enumerating the elements of actionable negligence, and distinguishing the same from negligence, which will not support an action for damages, says:

"In every case involving negligence, there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of defendant to protect plaintiff from the injury; (2) the failure of defendant to perform that duty; and (3) injury to plaintiff from such failure of defendant. When these elements are brought together, they unitedly constitute actionable negligence, and the absence of any one of these elements renders the complaint bad or the evidence insufficient."

Unless, under the circumstances of this case, defendant rested under a legal duty, before receiving such message, to notify Miss Cameron of its office hours at Mexia, and that said message could not be delivered until the next morning, the failure of its agent at San Antonio to so notify her, however negligent, did not give rise to a cause of action in favor of plaintiff. Our Supreme Court in a similar case held that no such duty was imposed by our laws. Western Union Telegraph Co. v. Neel, supra. See, also, Western Union Telegraph Co. v. McMillan, supra. We are therefore of the opinion that said verdict is insufficient to support the judgment rendered thereon by the trial court in favor of plaintiff, and that such judgment is more favorable to him than the judgment the court should have rendered on said verdict.

[4] Plaintiff contends, however, that defendant is estopped from asserting that the verdict is insufficient to support the judgment "because of its own motion for judgment in favor of plaintiff, which was granted by the court." He cites in support of such contention the following cases: S. A. & A. P. Ry. Co. v. Addison, 70 S. W. 200, 96 Tex. 61, 75; T. P. C. & L. Co. v. Lee, 82 S. W. 1025, 98 Tex. 236; National Bank of Denison v. Kilgore, 43 S. W. 565, 17 Tex. Civ. App. 462; Wells v. Houston (Tex. Civ. App.) 56 S. W. 233, 236; Steinberg v. Jacobs, 132 P. 1060, 21 Cal. App. 765. In all the cases so cited the party inviting the error and responsible therefor was seeking to make the same available as a basis for affirmative relief in his favor. We are not to be considered as questioning the soundness of the rule of estoppel applied in such cases. The defendant in this case, having asked the court to render judgment on the verdict of the jury, is clearly estopped from seeking to have such judgment set aside on the grounds under consideration. Defendant is not asking that the judgment be set aside. On the contrary, it is asking that such judgment be affirmed and resisting plaintiff's effort to have it reversed and the cause remanded. We are not willing to hold that defendant in this case is estopped from resisting plaintiff's attempt to secure a reversal of said judgment by showing it was more favorable to plaintiff than he was entitled to have, and that he was not entitled

under the verdict rendered to any judgment at all.

[5] Plaintiff presented as grounds for reversal of the judgment in this case an alleged conflict in the findings of the jury. Consideration of such contention required a critical examination of the verdict and a discriminative analysis of the findings contained therein. The insufficiency of the verdict to support a recovery was necessarily revealed by such examination. It is the general rule that an appellate court will not reverse the judgment of the trial court when it appears from a consideration of the record as a whole that no other judgment could, or should have been, rendered. In such cases errors committed in the course of the trial are deemed immaterial and harmless, and insufficient as a predicate for reversal. Bowles v. Brice, 2 S. W. 729, 66 Tex. 724, 731, and cases there cited; Texas-Mexican Ry. Co. v. Uribe, 20 S. W. 153, 85 Tex. 386; Forst v. Rothe (Tex. Civ. App.) 66 S. W. 575, 576; G., C. & S. F. Ry. Co. v. Koska, 23 S. W. 1002, 1003, 4 Tex. Civ. App. 668.

[6] The findings of the jury on which the judgment in this case rests being insufficient to support a recovery, they should have been ignored by the trial court, and judgment should have been rendered for defendant on the finding that it exercised ordinary care and diligence in transmitting and delivering said message. Rich v. Western Union Telegraph Co., 108 S. W. 1152, 101 Tex. 466, 470; Kelley v. Ward, 60 S. W. 311, 94 Tex. 289, 294; Johnson v. Breckenridge-Stephens Title Co. (Tex. Com. App.) 257 S. W. 223, 228; Morris v. McSpadden (Tex. Civ. App.) 179 S. W. 554, 555 (writ refused); Powers v. Schubert (Tex. Civ. App.) 220 S. W. 120, 122. Since plaintiff was not entitled under the verdict of the jury to any recovery against defendant, the question of whether the damages found were inadequate becomes immaterial. There being no error in the judgment of the trial court of which plaintiff can complain, it is affirmed.

STANFORD, J. Not being able to agree with my associates, I hereby file the following dissenting opinion:

This suit was instituted by appellant against appellee for damages resulting to appellant by reason of the breach of its contract to deliver with reasonable dispatch the following telegram:

"San Antonio, Texas, 8:38 P. M. June 20, 1924. David Harris, Box 414, Mexia, Texas. Mothers dead. Come.　Ollie Cameron."

—and by reason of which breach appellant was deprived of the satisfaction and consolation of being present at the funeral and burial of his mother, resulting in his damages in the sum of $2,000. In response to special issues, the jury found:

281 S.W.—56

"(1) That Mr. Herring, the defendant's employé, at the time of receiving the message in question from Miss Vi Della Cameron, did not advise her of the office hours of the defendant company at Mexia, or that the office of said company at Mexia would be, or might be, closed during the night, and the message would not be, or might not be, delivered until the next day.

"(2) That a person situated as Mr. Herring was at the time he received the message, in the exercise of that degree of care and prudence that a person of ordinary care would have exercised under the same or similar circumstances, would have advised Miss Cameron that the Mexia office of defendant company would not be open, or might not be open, during the night.

"Defendant's special issue No. 1. B. H. Herring, defendant's agent, did not notify the sender of the suit message, at the time it was received by him for transmission, that the said message would not be delivered that night, but would be mailed the following morning.

"(3) That the employés of defendant company exercised that degree of diligence which an ordinarily diligent person would have exercised under the same or similar circumstances to transmit and deliver the message in question with reasonable dispatch and expedition.

"(4) That the amount of money, if paid now in cash, necessary to compensate plaintiff for the distress, disappointment, grief, pain, and anguish suffered by plaintiff on account of not being present at the funeral and burial of his mother is $1."

Appellant filed a motion to set aside said findings of the jury upon the grounds:

"(1) That the findings of the jury are contradictory, and preclude a judgment being rendered for either party.

"(2) That the amount of damages awarded is wholly inadequate as compensation to plaintiff for the injuries sustained."

Appellee filed a motion praying that judgment be rendered for appellant on the findings of the jury for $1. The court overruled appellant's motion, and granted appellee's motion, and rendered judgment for appellant for $1. Appellant then filed a motion for new trial on the same grounds as above stated, which was overruled, and appellant has duly appealed to this court.

### Opinion.

Appellant, by assignments and appropriate propositions, urges two grounds for the reversal of the judgment of the trial court, to wit: (1) That the court erred in refusing to set aside the verdict of the jury and grant a new trial because the findings of the jury, being contradictory, did not authorize a judgment for either side; (2) because the amount awarded appellant was manifestly inadequate to compensate him for the suffering and loss sustained by him, and indicates that the jury was actuated in fixing the amount thereof by some improper motive, or some misunderstanding or misapprehension of the

issues involved in the case. Appellee, under two cross-assignments, presents three propositions. Under the first it contends, in effect, that the evidence did not authorize a judgment for appellant for any amount, and the trial court should have instructed a verdict for appellee. Under the second proposition appellee contends, in effect, that a judgment should have been entered in favor of the defendant upon the findings of the jury. Under its third proposition appellee contends, in effect, that under the facts developed upon the trial the jury was fully warranted in returning a verdict for only $1, and, if mistaken in this contention, appellant cannot be heard to complain, for he was not entitled to even the sum of $1.

The judgment in favor of appellant in this cause having been rendered upon the motion of appellee in response to its request and prayer that such judgment be rendered, appellee is not entitled to complain of the very judgment it requested to be rendered, and will not be heard to now contend that the judgment is not authorized both by the evidence and findings of the jury. If the rendition of this judgment was error, it was invited error on the part of appellee, and an error of which appellee cannot complain. Appellee's first and second cross-assignments are not entitled to consideration, and will not be considered. In M., K. & T. Ry. Co. of Texas v. Eyer et al, 70 S. W 529, 96 Tex. 72, our Supreme Court, by Chief Justice Gaines, said:

"Where a party by a request for a ruling leads the court into error, he should be precluded from claiming a reversal of the judgment by reason of the error so committed. To hold otherwise would be to permit him to take advantage of his own wrong."

See, also, Railway Co. v. Sein, 33 S. W. 215, 558, 89 Tex. 63; Galveston, etc., Ry. Co. v. McAdams, 84 S. W. 1079, 37 Tex. Civ. App. 575; Texas P. C. Co. v. Lee, 82 S. W. 1025, 98 Tex. 236; Bank v. Kilgore, 43 S. W. 565, 17 Tex. Civ. App. 462; Wells v. Houston (Tex. Civ. App.) 56 S. W. 233; Steinberg v. Jacobs, 132 P. 1060, 21 Cal. App. 765; 2 Cyc. 650, and cases there cited.

I think also that appellant is not entitled to complain of the judgment rendered in his favor, on the ground that the findings of the jury are contradictory. If some of the findings do conflict with another finding, which question is not necessary for us to decide, and if by reason of said conflict it was error for the trial court to render judgment for either party, as contended by appellant, such error was in his favor, and was harmless as to him. A party cannot complain of an error in his favor, nor of an error that is harmless as to him. Pecos & N. T. Ry. Co. v. Suitor, 218 S. W. 1034, 110 Tex. 250; El Paso Ry. Co. v. Shaklee (Tex. Civ. App.) 138 S. W. 190; G., H. & S. A. Ry. v. Averill (Tex. Civ. App.) 136 S. W. 100; C., R. I. & P. Ry. Co. v. Wright, 36 S. Ct. 185, 239 U. S. 552, 60 L. Ed. 431.

As the writer views this case as made by the record, the only question presented entitled to consideration by this court, at least the only question that requires consideration, is whether or not $1 compensation to appellant for the injury sustained by him is so inadequate that this court, in its discretion, should set same aside and award a new trial. In this case the appellant was a son of the deceased. He was, and always had been, on the very best of terms with his mother. He had recently, prior to her death, visited her; and, although deprived of attending her funeral and burial, he went to her home on the first train available after he was advised of her death, knowing, of course, he would be too late for the funeral, but for such consolation as might be derived from being near her grave as soon as possible. Appellant is a working man, an oil well driller, and probably could not express his sorrow, distress, and disappointment in such colorful language and glowing terms as some others might have done, but could only phrase his sorrow in the simple vernacular of his own field of toil. The evidence indicates that he did suffer great mental anguish by reason of being deprived of the privilege of attending his mother's funeral. It is true, where recovery of damages is sought for mental suffering, there being no rule for measuring the amount of such damages, a large discretion is confined to the jury and the trial court, and, unless it appears that they have abused their discretion in this respect, an appellate court should not disturb such verdict. G., H. & S. A. Ry. Co. v. Hynes, 50 S. W. 624, 21 Tex. Civ. App. 34; Telegraph Co. v. Piner, 29 S. W. 66, 9 Tex. Civ. App. 152. But it is equally true, where the amount of damages awarded by the jury is clearly and manifestly inadequate, and therefore clearly wrong, it is not only the privilege, but the duty, of this court to reverse such judgment and remand the cause for another trial. It is no trivial matter for a person to be wrongfully deprived of the privilege of attending the funeral and burial of a mother, and for a jury to find that he is entitled to recover for such wrongful conduct on the part of appellee, and then allow him no damages, or allow him only $1 —the same as none—is inconsistent, unreasonable, and unjust, and so grossly inadequate as to indicate that the jury was actuated in fixing the amount by some improper motive or some misunderstanding of the issues involved. Prewitt v. Telegraph Co., 101 S. W. 812. 46 Tex. Civ. App. 123; Travers v. M. Ry. & L. Co., 90 S. E. 732, 19 Ga. App. 15; Moseley v. Jamison, 8 So. 744, 68 Miss. 336. It is clearly the opinion of the writer that the assignment here discussed is the only question entitled to consideration, and that it should be sustained and the case reversed and remanded.