## W. E. THOMAS LUMBER CO. v. McCLAIN. (No. 2805.)

Court of Civil Appeals of Texas. Amarillo. March 30, 1927.

Rehearing Denied May 11, 1927.

1. Homestead ⬅162(1) — Where absence of owner of homestead was temporary with intention of immediately returning thereto, it continued to be residence homestead.

Where owner of homestead rented premises to another, but owner's absence was temporary with intention of immediately returning thereto, it continued to be residence homestead.

2. Homestead ⬅74—Rents due owner for residence homestead held exempt from garnishment.

Where owner of homestead rented homestead premises temporarily with intention of immediately returning thereto, rents due owner for such residence homestead *held* exempt from garnishment.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(294 S.W.)

Appeal from Wichita County Court; C. M. McFarland, Judge.

Garnishment proceeding by the W. E. Thomas Lumber Company against S. P. Holmes, garnishee, on a judgment against M. B. McClain in which M. B. McClain intervened claiming that funds garnished were exempt. From the judgment, plaintiff appeals. Affirmed.

H. G. Bennet, of Borger, for appellant.
Mathis & Caldwell, of Wichita Falls, for appellee.

JACKSON, J. On April 8, 1924, the W. E. Thomas Lumber Company, a corporation, obtained judgment in the county court of Wichita county, Tex., against M. B. McClain for the sum of $404.95, with interest thereon from January 1, 1923, at 6 per cent. per annum, and all costs of suit. On December 29, 1925, the judgment was still valid, subsisting and unpaid, and the W. E. Thomas Lumber Company, by proper proceedings, had issued out of said county court a writ of garnishment against S. P. Holmes, as garnishee, for the purpose of impounding certain money due by the garnishee to M. B. McClain, the defendant in the original suit.

The garnishee answered that at the time the writ of garnishment was served upon him on the 1st day of January, 1926, he owed M. B. McClain for house rent the sum of $37, and that on the 1st of February thereafter he would owe him $40 house rent for the month of February; that other than as above alleged he had no effects belonging to and knows of no other person owing the said M. B. McClain.

M. B. McClain, by permission of the court, intervened in the garnishment proceedings, alleging substantially that the property occupied by the garnishee, S. P. Holmes, was his homestead, and that the funds garnished are rents from the homestead and were used for the purpose of providing and paying for another small house for himself and family where he was working temporarily, and that the funds garnished were exempt.

The case was tried before the court, without the intervention of a jury, and the court concluded that the funds impounded by the garnishment were exempt and should be released to M. B. McClain, and rendered judgment that the W. E. Thomas Lumber Company take nothing by its suit against the garnishee, S. P. Holmes, from which judgment this appeal is prosecuted by the appellant, W. E. Thomas Lumber Company, against M. B. McClain, appellee.

The record discloses without controversy that the appellant had a valid, subsisting, and unpaid judgment against appellee; that garnishee was occupying the residence homestead of appellee, who was the head of a family, and had temporarily rented his homestead with the intention of immediately returning thereto; that the homestead was urban property and the money impounded was not crop rental, but was rent for one month due in money by garnishee to appellee for the use of the homestead property belonging to appellee and his family.

Appellant presents as error the action of the trial court in holding that the money impounded was exempt and refusing it a recovery therefor.

[1] The premises occupied by garnishee was the residence homestead of appellee and his family, had not been abandoned, but the absence therefrom was temporary with the intention of immediately returning thereto, and, hence, continued to be the residence homestead. The money impounded was money rental due by the garnishee to appellee for his residence homestead.

"While there is authority to the contrary, it is very generally held that rents and profits arising from the homestead estate, so long as it retains its character as such, are exempt; but the general rule has not been applied to rents from a business homestead." 29 C. J. par. 118, p. 834.

It has been held in Texas that the damages allowed as the rental value of a block of land which constituted a homestead are exempt. National Bank v. Kilgore et al., 17 Tex. Civ. App. 462, 43 S. W. 565. It has also been held as the land recovered was the homestead and exempt, that the rents thereon were also exempt. La Master v. Dickson, 17 Tex. Civ. App. 473, 43 S. W. 911. The above case went to the Supreme Court and was affirmed (91 Tex. 593, 45 S. W. 1), but in the opinion the question of the exemption of the rent is not discussed.

This precise question was decided adversely to appellant by the Supreme Court of Iowa in Morgan et al. v. Rountree, 88 Iowa, 249, 55 N. W. 65, 45 Am. St. Rep. 234.

[2] It is our opinion that under the facts disclosed in this record the money impounded was exempt, and the judgment is affirmed.