No. 2,376.

A. HIMMELMANN, APPELLANT, *v.* J. W. SULLIVAN, RESPONDENT.

PRACTICE—STIPULATION—A party who has procured a judgment to be entered in his favor by means of one part of a verbal stipulation, is not at liberty to repudiate the other part; but, having received the benefit of the stipulation, must bear the burdens which it imposes on him.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

Judgment was entered for plaintiff in pursuance of a stipulation entered into by counsel that the action in this case should abide the result of the action of *Himmelmann* v. *Steiner*, and that execution should be stayed until the final determination of that action in the Supreme Court

Pending the appeal in that case, the plaintiff in this procured the Sheriff to sell the premises described in the complaint to satisfy his judgment, and himself became the purchaser and obtained from the Sheriff a certificate of sale. Afterward, upon motion of defendant, the Court ordered the sale set aside, and the Sheriff to desist from executing or delivering any deed under the sale; from which order the plaintiff appeals.

*Hale & Edmonds*, for Appellant.

*G. F. & W. H. Sharp*, for Respondent.

RHODES, C. J., delivered the opinion of the Court:

The judgment was entered upon a verbal stipulation made in open Court, by which it was agreed that the action in this case should abide the determination of the action of *Himmelmann* v. *Steiner*, in which were involved the same questions of law and of facts as in this case, and that execution should be stayed until the final determination of that action in the Supreme Court. The question to be determined is whether the portion of the stipulation staying execution can be enforced.

The question is not the same as that which was presented in *Borkheim* v. *North British*, etc. (38 Cal. 623). There the question was whether a judgment which was entered upon a previous verbal stipulation could be maintained; but the question here is whether a party who has procured a judgment to be entered in his favor, by means of one part of a verbal stipulation, is at liberty to repudiate the other part. The answer is obvious. If he affirms the stipulation by accepting and acting upon one of its provisions, which was made for his benefit, he must abide by the other provisions which were made for the benefit of the other party. Having received the benefit of the stipulation, he must bear the burdens which it imposes on him.

Order affirmed.

[The following cases were affirmed on authority of *Himmelmann* v. *Sullivan*, No. 2,376: *Himmelmann* v. *Goetjen*, No. 2,377; *Himmelmann* v. *King*, No. 2,378; *Himmelmann* v. *Johnson*, No. 2,379.]