[No. 8498.  In Bank.— May 26, 1886.]

CLINTON C. TRIPP, Appellant, v. SANTA ROSA STREET RAILROAD et al., Respondents.

Appeal — Order Refusing Transfer. — An appeal cannot be taken from an order denying a motion to set aside a former order refusing the transfer of a cause to the Federal Courts.  Such action can be reviewed only on an appeal from the final judgment.

Id. — Order of Dismissal. — An appeal cannot be taken from an order denying a motion to set aside a former order of dismissal as to some of the defendants in an action of ejectment.  The order of dismissal is a final judgment when entered, and is itself appealable.

Appeal from certain orders of the Superior Court of Sonoma County.

The facts are stated in the opinion of the court.

*P. G. Galpin,* and *C. C. Tripp,* for Appellant, cited *Murdock* v. *De Vries,* 37 Cal. 528; *Bibend* v. *Kreutz,* 20 Cal. 110; Code Civ. Proc., sec. 473; *James* v. *Center,* 53 Cal. 31; *County of Sacramento* v. *C. P. R. R.,* 61 Cal. 250.

*Rutledge & McConnell, A. B. Ware, Henley & Oates, J. H. McGee, J. T. Campbell, John Brown, W. W. Porter, G. A. Johnson, Darwin C. Allen,* for Respondents, cited *Cal. S. R. R. Co.* v. *S. R. R. Co.,* 65 Cal. 295; *Henley* v. *Hastings,* 3 Cal. 342; *Gates* v. *Walker,* 35 Cal. 289; *Waggenheim* v. *Hook,* 35 Cal. 216; *Hastings* v. *Cunningham,* 35 Cal. 550; *Estate of Smith,* 51 Cal. 563; *Estate of Dunne,* 53 Cal. 631; *Holmes* v. *McCleary,* 63 Cal. 497.

Thornton, J.—This is an appeal from an order of the 13th of February, 1882, made after final judgment

in the above-entitled action. The order appealed from is a denial of a motion made by the plaintiff to set aside certain orders made in the cause on the fifteenth day of December, 1881.

Of the orders of December 15, 1881, referred to, one denied plaintiff's motion to transfer the cause for trial to the Circut Court of the United States, held at San Francisco, and the other dismissed the action, which was ejectment, as to certain defendants named in the order.

As to the order of dismissal when entered, it was a final judgment in the cause, which was itself appealable. The appeal should have been prosecuted from such judgment. This court, as it is well settled, will not take jurisdiction of an order refusing to set aside a judgment or order itself appealable. (*Henley* v. *Hastings*, 3 Cal. 342; *Holmes* v. *McCleary*, 63 Cal. 97; *Cal. Southern R. Co.* v. *S. P. R. Co.*, 65 Cal. 295.) The appeal should be prosecuted from the judgment or order which the court has refused to set aside.

On an appeal from the final judgment, the order of refusal to transfer to the United States Circuit Court might have been reviewed, as an intermediate order, under section 956, Code Civ. Proc., the facts being made to appear in the mode required by law to put them on the record. But as there is here no appeal from the final judgment, we do not see how we can review the order refusing the transfer. The course of procedure above indicated is the proper one, and it should not be disregarded, as we should do if we were to allow a party to neglect to prepare the matter complained of for review on appeal from the judgment, and resorting to a method unknown to the law, by a motion to set aside the order complained of, and then taking an appeal from the order denying such motion.

The proper steps should have been taken to review the order made in December on appeal from the judg-

ment.   The order of December, 1881, cannot be reviewed on appeal from an order made in February, 1882, refusing to set it aside.

The above disposes of the case, as it results in a dismissal of the appeals.   The other points discussed on the argument and in the briefs of the counsel become, therefore, mere moot questions, which this court is not called on and declines to decide.

The like conclusion must follow if the order of dismissal had not been entered as a judgment.   For in that case the order appealed from would not be an order made after final judgment.

The appeal must be dismissed, and it is so ordered.

MYRICK, J., ROSS, J., MORRISON, C. J., McKEE, J., SHARPSTEIN, J., and McKINSTRY, J.. concurred.

Rehearing denied.