[No. 13060.   In Bank. — September 4, 1889.]

# M. S. GOYHINECH, RESPONDENT, v. JEAN GOY-HINECH, APPELLANT.

APPEAL — FROM WHAT TAKEN. — Where a judgment or order is itself appealable, the appeal must be taken from such judgment or order, and not from a subsequent order refusing to set it aside.

APPEAL from an order of the Superior Court of Los Angeles County refusing to set aside a judgment.

MOTION to dismiss appeal.   The facts are stated in the opinion.

*Wicks & Ward,* for Appellant.

*Williams & McKinley,* and *W. T. Williams,* for Respondent.

HAYNE, C.—This was an action for divorce. Judgment passed for the plaintiff. After the judgment had been entered, the defendant moved the trial court to set such judgment aside, on the ground that no findings had been made. This motion was denied, and the defendant appeals from the order denying such motion. The plaintiff moves to dismiss this appeal, and we think that the motion should be granted.

The motion was not for a new trial, but was merely to set aside the judgment. And the judgment was itself appealable. It is settled that when a judgment or order is itself appealable the appeal must be taken from such judgment or order, and not from a subsequent order refusing to set it aside. (*Larkin* v. *Larkin,* 76 Cal. 323; *Tripp* v. *Santa Rosa,* 69 Cal. 632; *Reay* v. *Butler,* 69 Cal. 585, 586; *Cal. S. R. R.* v. *S. P. R. R.,* 65 Cal. 295; *Holmes* v. *McCleary,* 63 Cal. 497; *Coombs* v. *Hibberd,* 43 Cal. 452; *Natoma Water Company* v. *Parker,* 16 Cal. 83; *Stearns* v. *Marvin,* 3 Cal. 376.) There are some exceptions to this rule, but the case does not fall within any of them. The

plaintiff should have appealed from the judgment, with a bill of exceptions upon that appeal.

We therefore advise that the appeal from the order refusing to set aside the judgment be dismissed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the appeal from the order refusing to set aside the judgment is dismissed.