## GREGORY et al. v. GREGORY et al.

### No. 18,080; March 9, 1893.

#### 32 Pac. 531.

**Appealable Orders.**—Where a Judgment is Itself Appealable, and no motion is made for a new trial, an appeal from a subsequent order refusing to set the judgment aside will not lie. Goyhinech v. Goyhinech, 80 Cal. 409, 22 Pac. 175, followed.

APPEAL from Superior Court, Placer County; W. H. Grant, Judge.

Action by James W. Gregory and others against John H. Gregory and others. Judgment for defendants. Plaintiffs appeal from an order refusing to set the judgment aside. Dismissed.

James Gartlan for appellants; E. P. Tuttle and C. Tuttle for respondents.

BELCHER, C.—This case was submitted to the court below for decision upon an agreed statement of the facts, signed by the attorneys of the parties thereto, and on February 25, 1892, judgment was given and entered by the court in favor of the defendants. Thereafter, on April 6th, the plaintiffs served notice on the defendants that on the 20th of that month they would move the court to vacate the judgment, and restore the cause to the calendar for trial, upon the ground that there were no findings to support the judgment. In due time the motion was heard, and submitted upon the papers and record in the case, and upon an affidavit made by plaintiffs' attorney, in which, among other things, he stated: "No

stipulation was made that said statement should constitute a part of the judgment-roll in the action. Findings were not waived. No findings of fact have been signed or filed.'' On April 29th the court denied the motion, ''for the reason that all the facts in the case had been agreed upon, and submitted to the court, and consequently that there was no issue of fact before the court to be determined, and nothing requiring, or upon which to base, separate findings of fact; the court being of the opinion that the findings of fact were, in effect, thereby waived, and no other or further findings of fact were necessary or permissible, beyond the said agreed statement.'' From this order denying their motion the plaintiffs appealed, and have brought the case here on a bill of exceptions.

The defendants move to dismiss the appeal, and in support of their motion cite, among other cases, Goyhinech v. Goyhinech, 80 Cal. 409, 22 Pac. 175. In that case the appeal was from an order like that involved here, and on motion the appeal was dismissed. The court said: ''The motion was not for a new trial, and the judgment was itself appealable. It is settled that, when a judgment or order is itself appealable, the appeal must be taken from such judgment or order, and not from a subsequent order refusing to set it aside: Citing cases. The plaintiff should have appealed from the judgment, with a bill of exceptions upon that appeal.'' Upon the authority of that case, we advise that the appeal in this case be dismissed.

We concur: Temple, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the appeal herein is dismissed.