[Civ. No. 670.   Third Appellate District.—March 7, 1910.]

# CONTINENTAL BUILDING AND LOAN ASSOCIATION, Respondent, v. LOUIS WOOLF and MARY L. WOOLF, Appellants.

Appeal—Review—Bill of Exceptions—Order Refusing to Set Aside Appealable Judgment or Order.—It is a settled rule, with some exceptions, that when a judgment or order is itself appealable, an appeal should be taken from the same, upon a proper bill of exceptions, and not from a subsequent order refusing to set it aside.

Id.—Motion to Vacate Judgment—Settled Bill—Affidavits—Want of Jurisdiction—Excusable Neglect—Conditional Order.—*Held,* that a settled bill of exceptions and affidavits used on a motion to vacate a judgment for want of jurisdiction, and for mistake, inadvertence, and excusable neglect, when carefully considered, simply justify a conditional order, which resulted in denying the motion, for failure of the moving party to comply with its conditions.

Id.—Appeal from Judgment—Absence of Bill of Exceptions—Presumptions.—Upon an appeal from the judgment, without any bill of exceptions, all intendments must be indulged in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken; and any matters which might have been presented to the court below to authorize the judgment will be presumed to have been presented.

Id.—Presumed Waiver of Findings.—When there is nothing in the record to show that findings were not waived, it will be presumed that findings were waived.

Id.—Findings Unnecessary—Judgment upon Agreed Statement or Stipulation—Presumption.—When judgment is entered upon an agreed statement of all the facts, no findings are necessary; and the same rule should apply when judgment is entered upon a stipulation, since it will be presumed, if necessary to support the judgment, that the stipulation was matter of minute entry, and that it was sufficiently full and specific to authorize the entry of the judgment.

Id.—Ejectment Against Defaulting Purchasers—Verbal Stipulation in Court—Agreed Payments—Judgment upon Nonpayment—Extension—Estoppel.—In an action of ejectment against defaulting purchasers, in which it was verbally stipulated in open court, as shown by notes of the official stenographer, that a specified sum was unpaid, which it was agreed should be paid in specified installments, and if not so paid, judgment should go for plaintiff as prayed for, and defendants secured an extension of such time, and still made default, defendants are not at liberty to repudiate

the agreed provision for judgment, which is entered pursuant to the stipulation.

Id.—Attorney and Client—Executed Oral Agreement by Attorney Binding on Client—Construction of Code.—Section 283 of the Code of Civil Procedure, providing the manner in which an attorney may bind his client, refers to executory, and not to executed, agreements. When an attorney in open court verbally consents or stipulates that an order or judgment may be entered, and agreeably thereto the order or judgment is entered, it then becomes an executed agreement or stipulation, to which that section does not apply. To give to section 283 a literal construction would greatly retard the business of the court, and lead to absurd consequences.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing to vacate the judgment. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Wm. Hoff Cook, for Appellants.

Gavin McNab, and B. M. Aikins, for Respondent.

CHIPMAN, P. J.—Action for the recovery of possession of real property. Plaintiff had judgment. Subsequently defendants moved to set aside and annul the judgment, which was denied. Defendants appeal from the judgment and from the order denying their motion to vacate the judgment.

The judgment was as follows: "This matter coming on regularly for trial, in open court, by the court, both parties having waived a jury, the 24th day of September, 1908, in the presence of Gavin McNab, Esq., counsel for plaintiff, and of Joseph Slye, Esq., of counsel for the defendants, Louis Woolf and Mary L. Woolf, and of said defendants, and the parties hereto having entered into a stipulation in open court and duly reported by the official reporter of this court, whereby the amount payable by the defendants to plaintiff was fixed at thirteen hundred ($1300) dollars, together with subsequent costs including the calendar fee and reporter's fee, five hundred ($500) dollars of said sum to be paid by the 28th of September, 1908, and the remainder within thirty days from said 24th day of September, 1908, and whereby it was agreed that in the event the said money should not

be paid in accordance with said stipulation at that time, then judgment should go against said defendants as asked in the complaint, without further trial:

"And the cause having been regularly continued from time to time, and finally until this 18th day of November, 1908; and counsel for plaintiff having, on this said 18th day of November, 1908, in the presence of counsel for defendants, moved for judgment, pursuant to said stipulation, and Joseph Slye, Esq., of counsel for defendants, having moved for a further continuance to permit of compliance by defendants with the requirements of said stipulation; and

"It appearing to the satisfaction of the court that the said stipulation was duly entered into in open court, and that defendants, and each of them, had failed to comply with same, and that plaintiff is entitled to judgment in accordance with the terms of said stipulation, in all respects as asked in the complaint.

"And the law and the premises being by the court here understood and fully considered,

"It is hereby ordered, adjudged and decreed, and this court does hereby order, adjudge and decree, that plaintiff above named do have and recover possession of the real property, the subject of this action, which said real property is particularly described as follows, to wit: [Description of property.]

"J. M. SEAWELL,
"Judge.

"Dated November 18th, 1908.
"Recorded Dec. 2/08.
"Book 22, Page 128.
"(Endorsed): Filed Dec. 2, 1908.
"H. I. MULCREVY, Clerk,
"By Milton M. Davis, Deputy Clerk."

It appears from what purports to be a bill of exceptions, in support of the motion to annul the judgment, that on January 12, 1909, defendants filed with the clerk a notice of motion to set aside and annul the judgment, on the grounds: 1. That the court had no jurisdiction to enter the judgment, and it is void; 2. That it was made without the consent of defendants and without a trial of the facts in issue; 3. That it was made through mistake, inadvertence

and excusable neglect upon the part of defendants. The motion came on to be heard on January 29, 1909, upon the pleadings in the case and upon certain affidavits filed by defendants and upon certain counter-affidavits submitted by plaintiff. On February 11, 1909, the court made the following order: "Ordered, that if, within fifteen days, defendants pay to plaintiff the sum of $1,062, said motion be granted, and if not so paid, motion to be denied." The bill of exceptions purports to be "upon said motion and order of this court, made in relation thereto."

Respondent makes the point that the order refusing to set aside a judgment or order is not appealable. It was held in *Goyhinech* v. *Goyhinech*, 80 Cal. 409, [22 Pac. 175]: "The motion was not for a new trial, but was merely to set aside the judgment, and the judgment was itself appealable. It is settled that when a judgment or order is itself appealable, the appeal must be taken from such judgment or order and not from a subsequent order refusing to set aside. (Citing cases.) There are some exceptions to this rule, but the case does not fall within any of them. The plaintiff should have appealed from the judgment, with a bill of exceptions *upon that appeal*." (See *Kent* v. *Williams*, 146 Cal. 3, 11, [79 Pac. 527].) Nevertheless, we have examined the bill of exceptions, and upon a careful reading of the affidavits before the trial court at the hearing of the motion, we think its order finds ample justification.

We see no infirmity in the judgment. It is there recited that it was made pursuant to stipulation entered into in open court, in the presence of the attorneys for both parties, "and of said defendants; . . . it appearing to the satisfaction of the court that the said stipulation was duly entered into in open court," etc. There being no bill of exceptions upon the appeal from the judgment, all intendments in support of the judgment must be indulged (*Von Schmidt* v. *Von Schmidt*, 104 Cal. 547, [38 Pac. 361]); and all proceedings necessary to its validity will be presumed to have been regularly taken; and any matters which might have been presented to the court below, which would have authorized the judgment, will be presumed to have been thus presented. (*Id.*) Appellants now urge nothing against the validity of the judgment which might not have been presented to the

court below and passed upon by that court favorably to respondent.

It will be presumed that findings were waived where there is nothing to show that findings were not waived. (*Goyhinech* v. *Goyhinech,* 80 Cal. 410, [22 Pac. 175].) Where judgment is entered upon an agreed statement of all the facts in the case no findings are necessary (*Gregory* v. *Gregory,* 102 Cal. 50, [36 Pac. 364]); and we see no reason why the same rule should not apply where the judgment is entered upon stipulation, for it will be presumed, if necessary to support the judgment, that the stipulation was made a matter of minute entry, and was sufficiently full and specific to authorize the entry of the judgment. It appears from the recitals in the judgment that the matter came on to be heard September 24, 1908, and pursuant to the stipulation then made in open court the amount payable to plaintiff by defendants was fixed at $1,300, of which $500 was to be paid September 28, 1908, and the remainder within thirty days from September 24, 1908, and if not so paid, judgment should go against defendants as asked in the complaint. Judgment was not finally entered until November 28, 1908. The judgment shows on its face that defendants obtained an extension of time in which to make payments and thus secured some favor by it. Having agreed to the judgment, in open court, though by verbal stipulation, defendants are not at liberty to repudiate the other provisions of the stipulation. (*Himmelmann* v. *Sullivan,* 40 Cal. 125; *Hawes* v. *Clark,* 84 Cal. 275, [24 Pac. 116]; *Smith* v. *Whittier,* 95 Cal. 279, 287, [30 Pac. 529].) In *Reclamation District* v. *Hamilton,* 112 Cal. 603, 609, [44 Pac. 1074], approving *Himmelmann* v. *Sullivan, supra,* it was held that section 283, Code of Civil Procedure, prescribing the manner in which the attorney may bind his client by stipulation, is executory, and does not refer to executed agreements. It seems to us that when an attorney in open court verbally consents or stipulates that an order or judgment may be entered, and agreeably thereto the order or judgment is entered, it then becomes an executed agreement or stipulation and the rule last above stated applies. In *Coonan* v. *Lowenthal,* 129 Cal. 197, [61 Pac. 940], it was held that where an attorney consents orally in open court to the amendment of a pleading, section 283, Code of

Civil Procedure, cannot be invoked to the prejudice of the opposing party. To give section 283 a literal construction would greatly retard the business of the court and lead to absurd consequences. Every admission, consent or agreement made in the course of the trial would either have to be reduced to writing or filed with the clerk or by the clerk entered in his minutes. It was never intended that the section should receive such a construction.

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.