LIZARDI, PLAINTIFF AND APPELLEE, *v.* MARRERO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action of Debt.—Motion for Dismissal.

No. 3309.—Decided December 16, 1924.

ATTACHMENT—APPEAL—ORDER AFTER JUDGMENT.—The present appeal was dismissed because an order made after judgment refusing to set aside an order

for the sale of perishable property attached to secure the effectiveness of the judgment is not appealable. The order of sale being appealable together with the judgment, any defect that it might have should have been shown in an appeal from the judgment.

Id.—Id.—Id.—When a judgment or order is itself appealable the appeal should be taken from the judgment or order and not from a subsequent order.

The facts are stated in the opinion.

*Mr. R. Arce* for the appellant.

*Messrs. C. Travecier* and *A. L. López* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

In this action a quantity of leaf tobacco was attached to secure the effectiveness of such judgment as might be rendered in favor of the plaintiff. He moved the trial court to order the sale of the tobacco because it was perishable and the court sustained the motion on August 9, 1921. Later final judgment was rendered in the action against the defendant and after it was affirmed on appeal by the Supreme Court the defendant moved the lower court to set aside the order for the sale of the tobacco. This motion was overruled on February 25, 1924, and from that ruling the present appeal was taken and the appellee now moves for its dismissal on the ground that the order is not appealable.

Although subdivision 3 of section 295 of the Code of Civil Procedure authorizes an appeal from a special order made after final judgment, the order in this case is not of that class, for although made after judgment, the question of whether or not the sale was proper had been decided before rendering judgment; therefore, the refusal to set aside the order of sale does not dispose of a question not at issue in the action. *Ayoroa* v. *Estate of Méndez,* 13 P. R.R. 274. Furthermore, the order of August 9, 1921, was appealable with the final judgment in the action in accordance with the last subdivision of section 14 of the Attachments Act; therefore, any fatal defect in the order of sale should have been set up in the appeal from the final judgment and not thereafter, for, as we said in the case

of *Hernaiz, Targa & Co.* v. *Vivas,* 20 P.R.R. 99, as a general rule orders refusing to vacate previous appealable orders are not appealable; and in that case we cited the following from *Goyhinech* v. *Goyhinech,* 80 Cal. 409: "Where a judgment or order is itself appealable the appeal must be taken from such judgment or order, and not from a subsequent order refusing to set it aside." ·

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.