[Crim. No. 3534.   Second Dist., Div. Two.   Apr. 25, 1942.]

THE PEOPLE, Respondent, v. CHARLES W. MONT-GOMERY, Appellant.

Morris Lavine for Appellant.

Earl Warren, Attorney General, and Lewis Drucker, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appeal from an order refusing to assume jurisdiction to act in any way upon the motion of defendant to vacate the judgment of conviction while the appeal from such judgment was pending.

Defendant was convicted of pandering. The judgment of conviction was affirmed by this court (Division One) September 29, 1941. While his appeal was pending he presented his motion to vacate the judgment of conviction on the following grounds: (1) that the indictment of defendant was returned by a grand jury consisting entirely of white persons while he was a negro; (2) that there had been a systematic exclusion of colored persons in the impanelment of county grand juries over a period of years; (3) that by reason of such facts the indictment contravenes the Fourteenth Amendment to the Constitution of the United States in that it denied defendant the equal protection of the laws granted by such amendment, and (4) that all proceedings based upon the indictment were in contravention of the Fourteenth Amendment and void.

The court declined "to assume jurisdiction to act in any way on the motion as filed."

A corrective judicial process has been definitely established for those who claim that they have been denied the right of due process or of equal protection of the laws. (*Johnson* v. *Zerbst*, 304 U. S. 458 [58 S. Ct. 1019, 82 L. Ed. 1461]; *In re Connor*, 16 Cal. (2d) 701, 707 [108 P. (2d) 10]; 28 U. S. C. A., chap. XIV, § 451, et seq.; *Mooney* v. *Holohan*, 294 U. S. 103 [55 S. Ct. 340, 79 L. Ed. 791, 98 A. L. R. 406].) Under those decisions a prisoner in custody, pursuant to final judgment is entitled to a judicial inquiry into the very truth and substance of the causes of his detention in order to test the jurisdiction of the court which entered the final judgment. (*Johnson* v. *Zerbst, supra,* p. 466.)

Instead of pursuing the historic remedial process provided by the above cited authorities, defendant chose to present a motion to vacate the judgment of conviction in the court of its origin. Appeal from the order denying such a motion is utterly without merit. A long line of decisions of this state have established that the only available relief from a final judgment of conviction is an appeal from such judgment. The defendant cannot present his motion to set aside a conviction and then appeal from the order denying such motion. (*People* v. *Simms,* 41 Cal. App. (2d) 466, 469 [107 P. (2d) 86]; *Alpers* v. *Bliss,* 145 Cal. 565, 569 [79 Pac. 171]; *People* v. *Walker,* 132 Cal. 137 [64 Pac. 133]; *Tripp* v. *Santa Rosa St. R. Co.,* 69 Cal. 631, 632 [11 Pac. 219]; *Henly* v. *Hastings,* 3 Cal. 341.)

When a judgment is itself appealable, the appeal must be taken therefrom and not from a subsequent order refusing to vacate it. (*Alpers* v. *Bliss, supra,* p. 569; *Goyhinech* v. *Goyhinech,* 80 Cal. 409 [22 Pac. 175]; *People* v. *Carkeek,* 35 Cal. App. (2d) 499, 503 [96 P. (2d) 132].) This is especially true where the questions presented upon the appeal from the subsequent order could have been fairly and properly raised on an appeal from the judgment. (*People* v. *Bowles,* 135 Cal. App. 514 [27 P. (2d) 411]; *People* v. *Ramirez,* 139 Cal. App. 380 [33 P. (2d) 848].)

A defendant may not try out his contentions piecemeal by attacking the validity of the judgment against him in successive proceedings. (Code Civ. Proc., § 1908; *In re Connor, supra,* p. 705; *In re Drew,* 188 Cal. 717 [207 Pac. 249].)

Neither the Sixth nor the Fourteenth Amendment to the Constitution of the United States prohibits this state from adopting its own rules of practice and procedure in trials

and appeals. (*Lisenba* v. *California*, 314 U. S. 219, 236 [62 S. Ct. 280, 86 L. Ed. (Adv. Opn.), 179, 189]; *People* v. *Kelley,* *(Cal. App.) [122 P. (2d) 655].) ██ If in the application of such rules a prisoner's liberty has been jeopardized by denial of his immunities under those amendments, he is entitled to a searching investigation into the facts preceding, and attendant upon, his conviction. (*Johnson* v. *Zerbst, supra.*) But such investigation may not be initiated by his motion to vacate such judgment. (*Alpers* v. *Bliss, supra.*)

Order affirmed.

Wood (W. J.), J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 21, 1942.

*Reporter's note: The Supreme Court granted a hearing in *People* v. *Kelley* on March 27, 1942.