[Crim. No. 3561. Second Dist., Div. Two. Apr. 25, 1942.]

THE PEOPLE, Respondent, v. CHARLES W. MONTGOM-
ERY, Appellant.

Morris Lavine for Appellant.

Earl Warren, Attorney General, and Lewis Drucker, Dep-
uty Attorney General, for Respondent.

MOORE, P. J.—After appellant had been convicted of
seven counts of pandering and attempted pandering, his
appeal from the judgments entered therein were affirmed by
this court (Crim. No. 3420, 47 Cal. App. (2d) 1 [117 P. (2d)
437]). Upon the return of the remittitur the trial court or-
dered that the sentence theretofore imposed be "placed in full
force and effect." Thereupon appellant took this appeal.
Whether his appeal is from the court's order "placing the
original judgments in full force and effect" or whether he at-
tempts to appeal from the original judgments which became
final more than fourteen months prior to the last-mentioned
order is not clear.

To make the effort of appellant intelligible, we must infer
that his purpose is to appeal from the order of the court author-
izing enforcement of the judgments.

Basing our action and discussion upon that hypothesis, we
now have the situation where the appellant had been con-
victed, the judgment and his conviction had been final for
more than a year, and he now undertakes to attack it by
raising the point of the want of due process in the proceed-
ings prior to the judgment of conviction.

In *People* v. *Montgomery*, Criminal 3534, *ante*, p. 444 [125
P. (2d) 108], this day filed, we have disposed of the question
raised by appellant on this appeal. It is there made clear
that the time, method and procedure for attacking the validity
of a judgment for the alleged violation of the provisions of the
Sixth and Fourteenth Amendments to the federal Constitution
have been expounded in the cases of *Johnson* v. *Zerbst*, 304

U. S. 458 [58 S. Ct. 1019, 82 L. Ed. 1461], and *In re Connor,* 16 Cal. (2d) 701 [108 P. (2d) 10].

The order is affirmed.

Wood (W. J.), J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 21, 1942.