Filed 9/25/24  Hiett v. Stanislaus Regional Housing Authority CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEEDEE HIETT,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>STANISLAUS REGIONAL HOUSING AUTHORITY et al.,<br><br>  Defendants and Respondents. | F084828<br><br>(Super. Ct. No. CV-21-004972)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Stanislaus County.  John Mayne, Judge.

DeeDee Hiett, in pro. per., for Plaintiff and Appellant.

Law Office of Thomas E. Lewis and Thomas E. Lewis for Defendants and Respondents Stanislaus Regional Housing Authority, Barbara Kauss, Mildred C. Collins and Bernadette Reynolds.

No appearance for Defendants and Respondents Rosalind Honnes, Jamare Dejon Perry, Cindy Kraus, Silvia Silvera, Monica Walker, and David Walker.

-ooOoo-

## INTRODUCTION

Deedee Hiett appeals following the sustaining of demurrers without leave to amend as to myriad causes of action sought by Hiett against defendants and respondents Stanislaus Regional Housing Authority, Barbara Kauss, Mildred C. Collins and Bernadette Reynolds.[1]  While the suit generally sought damages for, and objected to, Hiett's receiving of an eviction notice from some or all of the respondents, which caused Hiett to voluntarily move out of her apartment, the appeal raises few issues related to the substantive case.  Rather, the vast majority of the voluminous briefing concerns whether *another* plaintiff in the underlying case, Ramon Magdaleno, may participate in this appeal.  Magdaleno knowingly misrepresented his status as a vexatious litigant to the trial court and sought to evade the prefiling restrictions placed on him by prior courts, and thus was dismissed from the case.  Magdaleno failed to timely file a notice of appeal, and now seeks to join this appeal, going so far as to file an amicus brief, place his e-mail on Hiett's opening brief, and list himself as an "interested person" in connection with this appeal.  This appears to be yet another attempt by Magdaleno to circumvent his designation as a vexatious litigant[2] and flaunt the procedural rules of the California courts.  For those reasons, and as discussed below, we do not consider appellate issues

---

[1]     The complaints here named additional unrepresented defendants, including Jamare Dejon Perry, Cindy Kraus, Silvia Silvera, Monica Walker, David Walker, Erica Esmeralda Gutierrez, Mark Herrera, Anita Rudd, and Rosalind Honnes.  However, it appears none have entered an appearance in this court or submitted any briefs or other filings here.  Further, Mark Herrera, Anita Rudd, and Erica Esmeralda Gutierrez were dismissed from this appeal at appellant's request in an order dated September 20, 2023.

[2]     Since Magdaleno was declared a vexatious litigant and is subject to multiple prefiling orders imposed in prior cases, he would need to seek permission prior to filing an appeal, which he did not apparently seek and was not granted.  (See *In re Kinney* (2011) 201 Cal.App.4th 951, 958 ["The vexatious litigant statutes do not apply solely to the trial courts. Each writ petition and appeal constitutes 'litigation.' "]; Code Civ. Proc. § 391.7, subd. (a) ["the court may … enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice"].)

relating to Magdaleno's claims here. Magdaleno is not a party to this appeal, and Hiett may not represent him, as she is proceeding in propria persona and is not a lawyer.

Concerning Hiett's appeal, we find no error, and affirm the trial court's orders.

**PROCEDURAL BACKGROUND**

On September 13, 2021, Hiett and Magdaleno filed a complaint in Stanislaus County Superior Court. They filed a first amended complaint (FAC) on September 24, 2021. The FAC is extensive and difficult to decipher. It is approximately 60 pages long and names a dozen defendants, while also making factual allegations about others not named as defendants; the caption pages list 10 causes of action, although the body of the document contains 23; and numerous causes of action are simply laundry lists of complaints against particular individuals, with no clear basis in law for any civil cause of action related to the same. While the factual recitation is neither concise nor clear (see Code Civ. Proc., § 425.10, subd. (a)), it appears the general thrust of the complaint was that Hiett and Magdaleno lived at the Conant Place Retirement Community, run by the Stanislaus County Housing Authority. Magdaleno was purportedly harassed and unlawfully arrested/prosecuted for impersonating a police officer. The various individual defendants—who were largely residents and/or employees of the retirement community—gave incriminating statements about Magdaleno impersonating a police officer to the investigators, including that he would display a badge.

Additionally, the complaint alleges Magdaleno and Hiett were wrongfully evicted, because the bases for an eviction notice they received—that Magdaleno was allowing visitors to stay longer than permitted and was running a dog rescue out of his apartment—were false. Further, Hiett and Magdaleno accused various individuals of stealing Magdaleno's mail, of flattening his and Hiett's tires, and of spitting on their windshields. Magdaleno alleged these various acts were perpetrated against him and Hiett in retaliation for complaints he made about respondent Mildred Collins, and

3.

because he refused the romantic advances of several of the women who lodged complaints about him.

Ultimately, Hiett and Magdaleno were served with an eviction notice on December 2, 2019, and voluntarily moved out on January 2, 2020.

Following the filing of the FAC, respondents demurred. The demurrer was based on Hiett's failure to allege compliance with the Government Claims Act, the statute of limitations, and the exhaustion of administrative remedies, and also asserted the FAC was uncertain, ambiguous, and unintelligible. The trial court sustained the demurrer with leave to amend on causes of action 11, 15, 20, 21, and 22. The demurrer was sustained without leave to amend as to all remaining causes of action. Hiett and Magdaleno filed a second amended complaint (SAC) on February 28, 2022, alleging substantially similar accusations.

Shortly thereafter, on March 8, 2022, the trial court learned Magdaleno may be on the vexatious litigant list, and requested the parties provide additional information regarding the same. Respondents filed documents on April 13, 2022, demonstrating Magdaleno's status as a vexatious litigant. In particular, respondents submitted prior court orders designating Magdaleno as a vexatious litigant and requiring him to obtain prefiling authorization before proceeding in propria persona, as well as requests he had previously submitted to file new litigation as a vexatious litigant. Respondents also found record of more than 30 cases filed in Stanislaus County Superior Court by Magdaleno between 1997 and 2021, sometimes using variations on his name. Hiett and Magdaleno opposed the consideration of these documents. They also filed a response essentially arguing that, because Hiett filed the case and listed Magdaleno as a "co-plaintiff," Magdaleno was not bound by the vexatious litigant orders. Magdaleno also argued he should not be on the vexatious litigant list for numerous reasons, among other claims. During this period, Hiett and Magdaleno sought the recusal of the trial judge and

4.

the disqualification of defense counsel, as well as other procedural roadblocks, such as attempting to remove the case to federal court.[3]

Respondents demurred to the SAC on April 4, 2022. After numerous additional filings and hearings, the court issued a judgment against Magdaleno on July 11, 2022, notice of which was served on July 13, 2022, which directed he take nothing from any defendant and pay a $750 contempt sanction. Hiett and Magdaleno filed a motion for reconsideration in response to the court's tentative orders on July 5, 2022, arguing Magdaleno should not be found to be a vexatious litigant and the demurrer should not be sustained. That motion was denied on August 30, 2022, at which point the court also issued an order to show cause against Hiett as to why she should not be declared a vexatious litigant for filing a frivolous motion—the motion for reconsideration—whose only purposes were delay and harassment. Hiett did not respond within the time set, and the court declared her a vexatious litigant in an October 3, 2022 order.

Magdaleno did not file a notice of appeal in relation to the judgment against him, and the 60-day period in which to do so has long since passed. (See Cal. Rules of Court, rule 8.104(a)(1)(B).) As this court has now noted in numerous prior orders, Magdaleno is not a party to this appeal, and Hiett—who is not a lawyer—may not represent him. Therefore, the issues Magdaleno has attempted to raise, or that Hiett seeks to raise on his behalf, are not proper subjects of this appeal and will not be discussed further, except insofar as they pertain to Hiett's claims on appeal.

As to Hiett, the trial court sustained respondents' demurrer on July 11, 2022, finding the SAC had failed to state a cause of action and failed to allege compliance with the Government Claims Act. Further, because Hiett had been given multiple

---

[3]     The matter was unsurprisingly remanded to state court, as it is axiomatic a plaintiff cannot remove their own case to federal court. (See 28 U.S.C., § 1441, subd. (a); *Chicago, R.I. & P.R. Co. v. Stude* (1954) 346 U.S. 574, 580 ["Here the railroad is the plaintiff … and cannot remove."].)

opportunities to amend, the trial court determined these pleading issues were incurable, and thus sustained the demurrer without leave to amend. Following the motion for reconsideration and order to show cause to which Hiett failed to timely respond, a judgment dismissing the remaining defendants from the case was issued against Hiett on October 3, 2022, and notice was mailed on October 6, 2022. The trial court issued a prefiling order finding Hiett to be a vexatious litigant on that same date. Hiett had previously filed a notice of appeal on August 22, 2022, which, while premature, will be deemed timely in light of the subsequent dismissal of the case and Hiett's pro se status. (See Cal. Rules of Court, rule 8.104(d)(2).)

## DISCUSSION

### A. Standard of Review

We review the sustaining of a demurrer without leave to amend de novo, "exercising our independent judgment on whether the complaint states a cause of action." (*Lincoln Property Co. N.C., Inc. v. Travelers Indemnity Co.* (2006) 137 Cal.App.4th 905, 911.) We treat all material facts alleged in the complaint as admitted, and may consider any judicially noticeable documents as well. (*Ibid.*) Meanwhile, we review the decision to deny leave to amend for abuse of discretion, asking whether "there is a reasonable possibility that the defect can be cured by amendment." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Other pertinent standards of review are set forth below, where applicable.

### B. Analysis

#### 1. People v. Wende *is Inapplicable Here*

Hiett first requests an independent review of the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). This request is inappropriate in a civil case, and is denied.

In *Wende*, the criminal defendant was convicted of robbery, and sought to have appellate counsel appointed for him, which the Court of Appeal granted. (*Wende, supra,*

25 Cal.3d at p. 438.) Appellate counsel for Wende found no appealable issues, and filed a brief stating the facts but raising no issues, and instead inviting the court to independently review the record or permit Wende to file a brief if he wished. (*Ibid.*) Appellate counsel did not seek to withdraw from the case. (*Ibid.*) Our Supreme Court noted its prior system of handling criminal appeals deemed meritless by appointed counsel had been struck down by the federal Supreme Court, because the system permitted appointed counsel to function as amicus curiae to the court rather than an active advocate for their client. (*Id.* at pp. 439–440.) Accordingly, our Supreme Court thereafter required counsel to prepare a brief setting forth all arguable issues. (*Id.* at p. 440.) Only if there were "no arguable issues and the appeal is frivolous" could appellate counsel "limit his brief to a statement of the facts and applicable law," at which point he could "ask to withdraw from the case, but he must not argue the case against his client." (*Ibid.*) The court then was to permit Wende to file his own brief, and then decide for itself based on a review of the entire record whether the appeal was frivolous. (*Ibid.*)

The question in *Wende* was whether, under these earlier cases, the Court of Appeal was required "to make a review of the entire record before determining that the appeal was frivolous" even if Wende failed to file his own brief. (*Wende, supra,* 25 Cal.3d at pp. 440–441.) The Court determined prior precedent "requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Id.* at p. 441.)

However, *Wende* has no applicability to civil cases such as this one. The case upon which *Wende* is based—*Anders v. California* (1967) 386 U.S. 738—is predicated on the Sixth Amendment right to counsel for indigent defendants in *criminal* matters found in *Gideon v. Wainwright* (1963) 372 U.S. 335. This is not a criminal case, but rather a civil one filed by Hiett. There is no Sixth Amendment right to counsel for indigent plaintiffs in general civil matters. (*Dominguez v. Bonta* (2022) 87 Cal.App.5th 389, 416.) Accordingly, *Wende* has no applicability here, and Hiett's request is denied.

7.

2. *Hiett's First Amendment and Due Process Rights are Not Infringed by Not Allowing Her to Represent Magdaleno*

Hiett next claims her First Amendment and due process rights are being infringed by this court's refusal to allow her to represent Magdaleno in the instant proceeding. Hiett argues the notice of appeal should have been construed liberally to include Magdaleno as having filed a notice of appeal. She argues the failure to permit Magdaleno's appeal was error. As this court previously noted in its orders, Hiett is not permitted to represent Magdaleno's interests here, as she is not an attorney licensed to practice in California. (See Bus. & Prof. Code, § 6126; *Altizer v. Highsmith* (2020) 52 Cal.App.5th 331, 345, fn. 9.) In particular, this court's order of September 28, 2023, noted Hiett had sought to add Magdaleno as a party to this appeal on at least three separate occasions, and cautioned the "filing of further motions seeking the same or similar relief may be deemed frivolous and result in sanctions under California Rules of Court, rule 8.276."

Hiett cites no authority suggesting she has a due process or First Amendment right to represent another person's interests in this court, even though she is not a lawyer. Indeed, courts have found precisely the opposite, noting that any First Amendment right of association is outweighed by the state's interest in ensuring that those who represent others' legal interests are competent to do so. (*Clean Air Transport Systems v. San Mateo County Transit Dist.* (1988) 198 Cal.App.3d 576, 579.) There is no shortage of authority that no one has the absolute right to practice law or represent others in the courts of this state. (*In re Investigation of Conduct of Examination for Admission to Practice Law* (1934) 1 Cal.2d 61, 67–68; *Brydonjack v. State Bar of California* (1929) 208 Cal. 439, 443 ["[T]he power of the Legislature to impose reasonable restrictions upon the practice of the law has been recognized in this state almost from the inception of statehood."].) We see no viable argument in which we could find a violation of Hiett's rights simply

8.

because she is not allowed to represent Magdaleno in court, even though she is not an attorney.

### 3. *Magdaleno's Exclusion From This Appeal is Not Clerical Error*

Hiett claims it was clerical error to exclude Magdaleno from the notice of appeal, and that this must be corrected in order to protect Hiett's due process and First Amendment rights. While Hiett has no due process or First Amendment right to represent Magdaleno or have him participate in this appeal, we note his exclusion was also not clerical error. Magdaleno did not file a notice of appeal in the superior court, despite this court advising any notices of appeal must be filed there. Since Hiett may not represent him or file notices on his behalf, and Magdaleno has not filed his own notice of appeal, there is no clerical error to correct.[4]

### 4. *Hiett Has No Standing to Prosecute Federal Criminal Matters*

Hiett argues that certain individual defendants violated 18 United States Code section 1708 by stealing her mail. However, even assuming these factual allegations are true, Hiett has no standing to prosecute criminal violations of law, which must be charged by the relevant government official with authorization to bring such charges. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 453–454 ["[R]ecognition of citizen standing to intervene in criminal prosecutions would have 'ominous' implications. [Citation.] It would undermine the People's status as exclusive party plaintiff in criminal actions, interfere with the prosecutor's broad discretion in criminal matters, and disrupt the orderly administration of justice."].) Since Hiett provides no authority indicating she has

---

[4] Appellant's reference to a case from the U.S. Court of Appeals for the Fourth Circuit, apparently entitled *United States v. Jenkins* is inapposite, to say the least. Appellant fails to include any actual citation to this case. (Cal. Rules of Court, rule 8.204(a)(1)(B).) A cursory search reveals over a dozen published opinions bearing that name in the Fourth Circuit, and we decline to sift through these to attempt to glean what case appellant meant to reference. (See, e.g., *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 282 [appellants' failure to cite legal authority results in forfeiture of claim].)

authority to pursue such criminal charges, we reject this claim. (*Hernandez v. First Student, Inc., supra,* 37 Cal.App.5th at p. 282.)

  5. *The Trial Court Did Not Err in Denying the Motion for Reconsideration*

  Construing Hiett's brief liberally, Hiett next appears to argue the trial court erred in denying her motion for reconsideration. We review a trial court's ruling on a motion for reconsideration under the abuse of discretion standard. (*Farmers Ins. Exchange v. Superior Court* (2013) 218 Cal.App.4th 96, 106.) A motion for reconsideration must be "based upon new or different facts, circumstances, or law," and must be accompanied by an affidavit setting forth the new or different facts, circumstances, or law that require reconsideration. (Code Civ. Proc., § 1008, subd. (a).) Failing to abide by the requirements of Code of Civil Procedure section 1008 "may be punished as a contempt and with sanctions as allowed by Section 128.7." (Code Civ. Proc., § 1008, subd. (d).) We may affirm for any reason supported by the record, whether or not it is the one on which the trial court based its determination. (*D'Amico v. Bd. of Med. Examiners* (1974) 11 Cal.3d 1, 18–19; see also *People v. Zapien* (1993) 4 Cal.4th 929, 976; *People v. Dickens* (2005) 130 Cal.App.4th 1245, 1254 ["[I]t is well established that on appeal, we review the correctness of the court's ruling, not its reasoning."].)

  The trial court denied the motion for reconsideration on August 10, 2022, for two reasons: (1) because Hiett's declaration was unsworn, thus indicating there was no new evidence before the court; and (2) because the declaration of Hiett was "legally and factually frivolous" and was done for the purposes of delay and harassment. In support of this second finding, the court then listed numerous inaccurate statements included in the declaration, which was submitted under penalty of perjury.[5]

---

[5] The trial court's assertion that the declaration was not sworn appears to be incorrect, based on the record before us. Moreover, new evidence is not the sole requirement for a motion for reconsideration, which can be based on new circumstances or law. (Code Civ. Proc., § 1008, subd. (a).)

10.

As respondents note, the only new "evidence" Hiett argues was included in the motion for reconsideration were 17 e-mails from respondent Collins. However, it is undisputed these were attached to the answer filed by respondent Collins on October 29, 2021. A proof of service shows these were served by mail on Hiett. While Hiett claims she did not receive those documents with the answer, this account seems unlikely to be true, as it is unclear what other means Hiett would have of obtaining e-mails from Collins' account which were not sent to either plaintiff. Further, actual notice or knowledge is not a requirement of service. (See *Johnson & Johnson v. Superior Court* (1985) 38 Cal.3d 243, 251 ["Where service is accomplished within California pursuant to section 415.20, proof of service does not require evidence that the defendant actually received the summons."].) In California, service of pleadings subsequent to the complaint may be obtained by mail. (Code Civ. Proc., §§ 465, 1013, subd. (a) ["Service is complete at the time of deposit."].) The record contains a proof of service showing these documents were mailed to Hiett, and no contradictory evidence. These attached e-mails were therefore not "new" evidence, in any sense of the word, as Hiett was served with them some 10 months prior to the demurrer. (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 685–690 [section 1008 requires a satisfactory explanation for why the information upon which reconsideration is based was not presented earlier].)

Moreover, this new "evidence" would not have impacted either of the findings for which reconsideration was sought. Hiett asked first for reconsideration of the sustaining of the demurrer. A demurrer is concerned with the allegations of the pleadings, not the evidence that may ultimately support those allegations. (*Schmier v. City of Berkeley* (2022) 76 Cal.App.5th 549, 558.) The trial court sustained the demurrer without leave to amend because the SAC failed to allege compliance with the Government Claims Act, as is necessary to file a complaint for monetary damages against a government entity, and because it failed to state a cause of action. Whether there is evidence to support the

factual allegation that someone stole Hiett's mail says nothing about whether Hiett's complaint stated facts sufficient to support a legal cause of action.

Hiett also sought reconsideration of the determination that Magdaleno was a vexatious litigant. Again, however, whether Magdaleno was or was not a vexatious litigant, and whether he followed the proper procedures for filing a new matter—which he did not—had nothing to do with whether there was evidence of assorted persons stealing Hiett and Magdaleno's mail. These "new" e-mails were irrelevant to the trial court's decision.[6]

For all of the above reasons, it was appropriate to deny the motion for reconsideration. We address the question of whether the declaration was legally and factually frivolous below.

### 6. The Trial Court Appropriately Found Hiett to be a Vexatious Litigant

Hiett appeals the trial court's order finding her to be a vexatious litigant. "The vexatious litigant statutes (§§ 391–391.7) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169.) A person may be deemed a vexatious litigant in five different ways. (Code Civ. Proc., § 391, subd. (b).) As relevant to this case, a person may be deemed a vexatious litigant if, "[i]n any litigation while acting in propria persona, [she] repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc., § 391,

---

**6** We also note that, because appellant and Magdaleno filed this motion for reconsideration from the *tentative* orders of the court prior to the issuance of the actual orders sustaining the demurrer and dismissing Magdaleno from the case, we presume the trial court considered anything relevant submitted with the motion for reconsideration in reaching its ultimate decision.

12.

subd. (b)(3).)  The three prongs of this test are disjunctive.  (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 639.)  What constitutes "tactics that are frivolous or solely intended to cause unnecessary delay" is a matter of discretion for the trial court, which we review deferentially to confirm such discretion was not abused.  (*Id.* at pp. 637–638; *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 971–972.)  To the extent the trial court's determination rests on factual findings, such findings are reviewed to determine whether there is substantial evidence and, if such evidence exists, the determination "will be upheld."  (*Golin*, *supra*, 190 Cal.App.4th at p. 636.)

In addition to other remedies permitted under the statute, a court may "enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed."  (Code Civ. Proc., § 391.7, subd. (a).)  The presiding judge or justice shall permit the filing of that litigation "only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay."  (Code Civ. Proc., § 391.7, subd. (b).)  The clerk of the court is directed not to file any litigation presented by a vexatious litigant without such permission, and if such litigation is mistakenly filed, any party or the court itself may serve a notice which stays the litigation.  (Code Civ. Proc., § 391.7, subd. (c).)  The litigation will then be dismissed unless the vexatious litigant obtains permission from the presiding judge or justice within 10 days.  (*Ibid.*)  The clerk also must provide the Judicial Council with a copy of any such prefiling orders, and lists of the individuals subject to prefiling orders are disseminated annually to the clerks of the state courts.  (Code Civ. Proc., § 391.7, subd. (f).)  The vexatious litigant can be removed from the Judicial Council's list and relieved of the prefiling order requirement by filing a petition with the court which first imposed the order.  (Code Civ. Proc., § 391.8.)

Here, the trial court noted the motion for reconsideration and supporting declaration submitted by Hiett were "legally and factually frivolous, and appear to be

13.

done for the purposes of delay and harassment." The court noted numerous inaccurate statements made by Hiett in her declaration, signed under penalty of perjury, including that the trial judge did not allow Hiett to speak or participate at hearings held in April and June 2022, that Magdaleno is not subject to the vexatious litigant statute because he is a "co-plaintiff," that "67% of legal cases are in pro se," that there was a dispute as to whether the e-mails referenced above were discovered prior to or after June 22, 2022, and that a mandatory settlement conference, rather than a case management conference, was held.

Of particular concern to the lower court—and to this court—is Hiett's apparent willingness to help Magdaleno flaunt the vexatious litigant law, and persistence in arguing that Magdaleno is not bound by it. There is no doubt Magdaleno is and was a vexatious litigant, subject to multiple prefiling orders, under the record before us. There is also no doubt, given the detailed briefing and research into cases and statutes concerning vexatious litigants, coupled with the facts that Magdaleno had previously unsuccessfully sought to have the prefiling order vacated and had sought permission to file other cases, that both Hiett and Magdaleno knew he was a vexatious litigant and could not file without permission. Further, the court—with Hiett in attendance— specifically noted it appeared Magdaleno was a vexatious litigant subject to a prefiling order, knew he was subject to that order, and had refused to comply with the prefiling order. Hiett was also in attendance when the court warned Magdaleno that this could result in sanctions being issued.

Notwithstanding this, Hiett filed a motion for reconsideration seeking first and foremost to vacate the finding that Magdaleno was a vexatious litigant, for numerous reasons, all of which were previously rejected, including: certain filings should not be considered in determining Magdaleno to be a vexatious litigant; Magdaleno was only a "co-plaintiff" and Hiett was the plaintiff who had filed the case; prior court determinations that Magdaleno was a vexatious litigant were erroneous; Magdaleno was

14.

only determined to be a vexatious litigant because of his ex-wife, Francisca Briones, who was "disentitled" to such a finding because of her own contumacious behavior; and that he had requested the Merced County Superior Court vacate its order finding him to be a vexatious litigant.

While much of Hiett's declaration supporting this reconsideration request does not consist of factual statements, she does make the following statements: (1) that she filed the lawsuit alone and added Magdaleno's name to it; and (2) she does not believe the vexatious litigant statutes apply because she filed the complaint and included him as "co-plaintiff." This indicates she actively participated in assisting Magdaleno with attempting to circumvent the vexatious litigant statutes. Further, in the order to show cause why she should not be declared a vexatious litigant, the court noted its intent to issue sanctions unless the motion was withdrawn. Thus, Hiett was well aware of both the impropriety and consequences of persisting in this argument.

Considering all of the above, we cannot say the trial court abused its discretion in issuing a prefiling order against Hiett. The court reasonably had concerns that Hiett was willing to mislead, misrepresent, and otherwise attempt to enable Magdaleno to thwart the prior restrictions imposed by his own prefiling orders on his ability to file litigation pro se. Knowingly aiding a vexatious litigant subject to a valid prefiling order in attempting to evade such an order is certainly a legally frivolous activity, designed to facilitate delay, harassment, and other improper purposes. There was substantial evidence from which the court could conclude both Hiett and Magdaleno knew what they were doing. Magdaleno had previously demonstrated his awareness of the fact that he could not file a new case without permission, and that he could attempt to have the prefiling order revoked by the issuing court. Hiett, who was closely connected to Magdaleno, was present in court when the judge raised these issues, which is substantial evidence she both knew what she was doing and knew it was not permitted. However, instead of encouraging Magdaleno to seek permission to file, Hiett helped contrive and

15.

further multiplicative arguments by which Magdaleno would neither have to seek permission nor seek to have the prefiling order vacated, by arguing he was merely a "co-plaintiff" and other previously rejected arguments. While Magdaleno's designation as a "co-plaintiff" makes no difference from a legal perspective—each plaintiff is responsible for filing his or her own claims in a case with multiple plaintiffs, even if the pleadings are combined into one document—it did apparently succeed in evading any efforts by the clerk of the court to prohibit such a filing by Magdaleno. Moreover, the court gave Hiett the opportunity to withdraw the reconsideration motion and avoid sanctions, and she chose not to do so and did not respond to the order to show cause.[7] This flouting of the vexatious litigant statutes cannot be condoned.

In sum, the trial court had substantial evidence to show Hiett was aware of the improper nature of what she was doing, thereby implying her motion was filed for an improper purpose, such as delay or harassment. The court therefore did not abuse its discretion in finding her to be a vexatious litigant. We affirm the issuance of a prefiling order for Hiett.

7. *Hiett's Arguments Related to Defense Counsel's Behavior are Unclear and/or Frivolous*

Hiett makes arguments against defense counsel in this case. However, it is unclear exactly what Hiett seeks to argue. Hiett claims to object to defense counsel's equivocal statements about whether he represented respondent Rosalind Honnes. However, a review of the record citations provided by Hiett does not indicate defense counsel ever purported to represent Honnes. It instead appears defense counsel never represented

---

[7] While Magdaleno apparently called the clerk's office on the day of the hearing—September 29, 2022—and stated Hiett could not attend due to a medical issue, the trial court observed that the deadline for responding to the order to show cause was August 18, 2022, and no responsive document was filed.

16.

Honnes and never claimed to do so. Therefore, whatever error is claimed here by Hiett provides no basis to overturn the trial court's sustaining of the demurrer.

Additionally, Hiett appears to argue defense counsel engaged in improper communications with an unrepresented person in violation of Rule 4.3 of the State Bar of California. That rule contains the following ethical standards: (1) when communicating on behalf of a client, a lawyer should not imply to an unrepresented person that the lawyer is disinterested; (2) if the lawyer knows or reasonably should know the unrepresented person incorrectly believes the lawyer is disinterested, the lawyer should correct that misunderstanding; (3) the lawyer should not give legal advice to an unrepresented person whose interests conflict with those of his client; and (4) the lawyer should not seek to obtain privileged or confidential information which the lawyer knows or reasonably should know the person may not reveal with violating their duties to others. (Rules Prof. Conduct, Rule 4.3.) While again unclear, it appears what Hiett objects to is defense counsel serving the demurrer papers on all parties, including unrepresented defendants, which Hiett contends "translates to providing legal advice." This argument is frivolous and wrong. State law requires service of all motions and oppositions on all parties, including unrepresented ones. (Code Civ. Proc., § 1005, subds. (b)–(c).) Counsel did not violate his ethical responsibilities merely by serving documents in accordance with state law.

8.      *Hiett's Poverty Does Not Prevent the Imposition of Sanctions*

Hiett argues that because she is below the federal poverty line and cannot afford to pay any sanctions, she is exempt from being ordered to pay sanctions. Again, this argument is legally unsupported. The trial court here imposed sanctions pursuant to Code of Civil Procedure section 128.7. Under that code section, if unrepresented, a party must sign each pleading, petition, motion, or similar paper it submits to the court. (Code Civ. Proc., § 128.7, subd. (a).) In doing so, the party represents that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the

17.

circumstances," the paper meets the following criteria: (1) it is not being filed "primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation"; (2) "[t]he claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"; (3) "[t]he allegations and other factual contentions have evidentiary support"; and (4) any "denials of factual contentions are warranted on the evidence." (Code Civ. Proc., § 128.7, subd. (b).) We review the award of sanctions under section 128.7 for abuse of discretion. (*Burkle v. Burkle* (2006) 144 Cal.App.4th 387, 399; *Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 167.)

The trial court dismissed the case without leave to amend after concluding that Hiett's lawsuit was without merit and the motion for reconsideration was filed solely for improper purposes. In doing so, the trial court also imposed sanctions on Hiett, directing her to pay to the eight unrepresented parties in the lawsuit $75 each. The court noted it "considered [Hiett's] ability to pay, which is why the amount is considerably lower than the harm done." The court did not award sanctions to the represented parties, for "entirely procedural reasons" related to the court's prior dismissal of the claims against them. However, the court noted that, if it "had authority to do so, it would have awarded sanctions to the represented defendants, whose harm from this lawsuit was minimized by [defense counsel's] patient and clear advocacy in the face of a spate of meandering, inaccurate, and specious filings by" Hiett and Magdaleno.

Hiett's sole contention here is that sanctions cannot be imposed because she lacks the ability to pay them. However, no relevant law is cited for this argument, and generic recitations of "due process" and "separation of powers" are unpersuasive. Accordingly, we will treat this argument as forfeited.[8] (*In re Marriage of Carlisle* (2021) 60

---

[8] Similarly, we treat as forfeited appellant's attempt to raise an argument that defense counsel violated her personal privacy rights by serving documents on other

Cal.App.5th 244, 255; *DP Pham, LLC v. Cheadle* (2016) 246 Cal.App.4th 653, 674.) Further, to whatever extent it was necessary, it appears the trial court did consider Hiett's financial situation prior to setting the sanctions in question, and imposed lower sanctions because of her poverty. Even were this argument not forfeited, we would not find error in this approach.

> 9. *Attempts to Raise Issues on Behalf of Magdaleno are Improper*

Lastly, we note that several sections of Hiett's opening brief strictly attempt to raise issues on behalf of Magdaleno. For instance, section XI of the brief argues the trial court abused its discretion because Magdaleno should not have been determined to be a vexatious litigant previously. Section XV of the brief argues the trial court deprived Magdaleno of due process by failing to waive costs associated with obtaining a transcript. Section XVIII of the brief argues the trial court was not permitted to assess sanctions against Magdaleno. Section XIX claims defense counsel violated Magdaleno's privacy rights. Hiett cannot represent Magdaleno's interests here, as she is not a lawyer. As both she and Magdaleno have been repeatedly told, Hiett's raising these issues on behalf of Magdaleno is improper, and they are not further considered here.

For similar reasons, we deny the requests in the reply brief[9] to correct the record on appeal to include Magdaleno pursuant to rule 29, subdivision (a)(3) of the Federal Rules of Appellate Procedure and rule 60 of the Federal Rules of Civil Procedure. Despite having been specifically cautioned that any such motions would need to be filed separately in our February 15, 2024 order, Hiett nonetheless joined them to her reply brief. Setting aside the procedural impropriety, these motions would not be granted on

---

parties that contained her Social Security and/or driver's license number, which were redacted in the documents filed in court. Appellant cites no authority, let alone sufficient authority, for this argument, and we therefore treat it as forfeited.

[9] Considering appellant's pro se status, we grant her request to file a late reply brief, which was deferred in our order of March 13, 2024, and have considered that brief in this decision.

the merits, as federal rules of civil and appellate procedure simply do not apply in state court.  (*Petition of Laufman* (1963) 215 Cal.App.2d 87, 89 [even when enforcing federal law, state court applies its own procedural rules]; *People v. Montgomery* (1942) 51 Cal.App.2d 444, 446–447 ["Neither the Sixth nor the Fourteenth Amendment to the Constitution of the United States prohibits this state from adopting its own rules of practice and procedure in trials and appeals."].)  Hiett has not demonstrated any reason she may represent Magdaleno here.

## DISPOSITION

For the reasons given above, we affirm the rulings of the lower court. Respondents are awarded costs on appeal.


FRANSON, J.

WE CONCUR:


HILL, P. J.


POOCHIGIAN, J.